**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BACHRACH CLOTHING, INC., | Case No. 06-06525 |
| Debtor. | Hon. Pamela S. Hollis |
| | Hearing Date:  January 30, 2014<br>Hearing Time:  10:00 a.m. |

**NOTICE OF MOTION**

TO:  See Attached Service List

     **PLEASE TAKE NOTICE** that on January 30, 2014 at 10:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, or any other judge sitting in her stead in Courtroom 644 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **Seventh Interim and Final Fee Application of Cooley LLP, Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and for Reimbursement of Expenses for the Period June 12, 2006 through December 31, 2013,** a copy of which is attached, and counsel shall request the entry of an order granting the relief requested therein, at such time and place you may appear as you see fit.

    Dated:  January 8, 2014                  /s/ Jason A. Frye
                                                        Jason A. Frye (6292848)
                                                        NEAL, GERBER & EISENBERG LLP
                                                        Two North LaSalle Street, Suite 1700
                                                        Chicago, IL  60602-3801
                                                        (312) 269-8000

# CERTIFICATE OF SERVICE

Jason A. Frye, an attorney, states that he caused a copy of the foregoing **Seventh Interim and Final Fee Application of Cooley LLP, Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and for Reimbursement of Expenses for the Period June 12, 2006 through December 31, 2013** to be served on all persons on the attached Service List via electronic mail on this 8th day of January, 2014.

By  /s/ Jason A. Frye

NGEDOCS: 2143040.1

## SERVICE LIST

Stephen G. Wolfe
E-mail: Steve.G.Wolfe@usdoj.gov
Office of the United States Trustee
227 West Monroe, Suite 3350
Chicago, IL  60606

Lawrence C. Gottlieb, Esq.
E-mail: lgottlieb@cooley.com
Cathy Hershcopf, Esq.
E-mail:  chershcopf@cooley.com
Jeffrey L. Cohen, Esq.
E-mail: jcohen@cooley.com
Seth Van Aalten, Esq.
E-mail: svanaalten@cooley.com
Cooley, Godward Kronish LLP
1114 Avenue of the Americas
New York, New York  10036
Main Fax: 212.479.6275

Donald Rothman
E-mail:  drothman@riemerlaw.com
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

Ms. Kristin Sowa
E-mail: ksowa@bachrach.com
Bachrach Clothing Inc.
One Bachrach Court,
Decatur, IL 62526

Allen J. Guon, Esq.
E-mail:  aguon@shawgussis.com
Peter J. Roberts
E-mail:  proberts@shawgussis.com
Robert M. Fishman
E-mail:  rfishman@shawgussis.com
Shaw Gussis Glantz Wolfson & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL  60610

James A. Stempel
E-mail:  jstempel@kirkland.com
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

NGEDOCS: 2143040.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| BACHRACH CLOTHING, INC., | ) ) | Case No.      06-06525 (PSH) |
| Debtor. | ) ) ) | Hearing Date: January 30, 2014 at 10:00 a.m. |

**SEVENTH INTERIM AND FINAL FEE APPLICATION OF COOLEY LLP, COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR THE PERIOD JUNE 12, 2006 THROUGH DECEMBER 31, 2013**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11, chapter 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules") and the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (the "Fee Procedure Order") entered by this Court on July 6, 2006, Cooley LLP ("Cooley" or "Applicant"), as counsel to the official committee of unsecured creditors (the "Committee") of Bachrach Clothing, Inc. (the "Debtor"), hereby submits its Seventh Interim and Final Application (the "Final Application") for (i) allowance on a final basis of compensation totaling $114,485.00 for services rendered and $7,604.41 for costs incurred for the interim period of January 1, 2010 through December 31, 2013 (the "Interim Period"); (ii) allowance on a final basis of compensation totaling

2096881 v3/NY

$973,895.00[1] for services rendered and $33,841.26[2] for costs incurred for the final period of June 12, 2006 through December 31, 2013 (the "Final Compensation Period"); and (iii) payment of the foregoing amounts consistent with the amounts set forth in the *Joint Motion of the Debtor, Sun Bachrach, LLC and the Official Committee of Unsecured Creditor for Entry of an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Section 105(a), 305(a), and 1112(b) of the Bankruptcy Code* (the "Dismissal Motion").[3]  In support of the Final Application, Cooley respectfully represents as follows:

## BACKGROUND

### A. Debtor's Bankruptcy Proceeding

1. On June 6, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### B. Appointment Of Official Committee Of Unsecured Creditors

2. On June 13, 2006, the Committee was appointed in this case by the Office of the United States Trustee for the Eastern District of Illinois, consisting of the following seven members: (i) 57th & 5th, Inc.; (ii) Neema Clothing Ltd.; (iii) Kellwood Distribution Division; (iv) Maconde Confecções II - Comércio e Indústria, S.A.; (v) General Growth Properties, Inc.; (vi) Simon Property Group, LP; and (vii) Store Kraft.

3. At the Organizational Meeting, the Committee selected Kronish Lieb Weiner &

---

[1] Total fees incurred for the Final Compensation Period were $980,124.50, but in connection with prior interim fee applications, the Court reduced fees by $6,229.50. Thus, Applicant is requesting approval of $973,895.00 in fees.
[2] Total costs incurred for the Final Compensation Period were $44,252.94, but in connection with prior interim fee applications, the Court reduced costs by $10,411.68. Thus, Applicant is requesting approval $33,841.26 in costs.
[3] The Dismissal Motion will be filed contemporaneously herewith or shortly hereafter.

2.

Hellman LLP ("KLWH") as its lead counsel and Neal Gerber & Eisenberg, LLP as its local counsel. On July 6, 2006, this Court entered an order approving the retention of KLWH as counsel to the Committee *nunc pro tunc* to June 12, 2006. Effective October 1, 2006, KLWH merged with Cooley Godward LLP to form Cooley Godward Kronish LLP. On April 1, 2010, Cooley Godward Kronish LLP became Cooley LLP.

## SERVICES RENDERED

4. As further detailed in the invoices attached hereto as Exhibit A, Cooley requests compensation for the professionals and paraprofessionals who have provided services to the Committee during the Interim Period. Exhibit A includes detailed itemizations of all services performed by Cooley during the Interim Period in each project category. Itemized invoices for prior interim periods were filed with each of Cooley's prior interim applications.

5. A summary of the professionals and paraprofessionals who have provided services to the Committee during the Interim Period and the Final Compensation Period is attached hereto as Exhibit B.

6. A summary of the categories of services performed by Cooley during the Interim Period is attached here to as Exhibit C.[4]

7. During the Interim Period, the total amount of hours expended by Applicant with respect to this matter resulted in charges totaling $114,485.00. The total amount of time expended by professionals was 214.20 hours. Accordingly, the blended rate for the Application Period was $534.48 per hour.

8. During the Final Compensation Period, the total amount of hours expended by Applicant with respect to this matter resulted in charges totaling $973,895.00. The total amount

---

[4] Summaries of services performed by Cooley broken down by category for the prior interim periods were included with prior interim applications.

of time expended by professionals was 2,120.70 hours. Accordingly, the blended rate for the Final Compensation Period was $465.19 per hour

9. During the Interim Period, Applicant expended services on behalf of the Committee in a number of categories. As further discussed below, some of the key items addressed by Applicant during the Interim Period on behalf of the Committee include, *inter alia*:

(i) preparing for and participating in all aspects of the Ed Bachrach Litigation (defined below), including attendance at a mediation, key depositions and the adversary proceeding trial;

(ii) corresponding with Debtor's counsel and various creditors regarding the prosecution of avoidance actions in this case; and

(iii) assisting the Debtor in the general administration of the case.

**Professionals who Rendered Services During the Interim Period**

10. The attorneys of Cooley who have rendered professional services on behalf of the Committee during the Interim Period for which Applicant seeks compensation, are as follows: Lawrence C. Gottlieb, Ronald R. Sussman, Jeffrey L. Cohen, Michael A. Klein and Alex Velinsky.

**Summary of Services by Project Category for the Interim Period**

| Task Code | Subject Matter Categories | Total Hours | Total Fees |
|---|---|---:|---:|
| 02 | Asset Disposition | 0.60 | $375.00 |
| 03 | Business Operations | 7.20 | $6,810.00 |
| 04 | Case Administration | 12.00 | $9,064.00 |
| 05 | Claims | 5.70 | $3,047.50 |
| 07 | Fee/Employment Applications | 13.70 | $8,043.00 |
| 09 | Financing and Cash Collateral | 8.40 | $5,667.50 |
| 10 | Litigation | 108.00 | $60,717.50 |
| 11 | Meetings | 1.20 | $558.00 |
| 12 | Plan and Disclosure Statement | 1.30 | $1,259.50 |
| 19 | Preparation for and Attendance at Court Hearings | 27.80 | $9,441.50 |
| 14 | Travel | 28.30 | $9,501.50 |
| | **Total:** | **214.20** | **$114,485.00** |

4.

11. The services rendered by Applicant during the Interim Period are grouped into categories as set forth above. Applicant attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may be included in another category. These services performed are generally described by categories as set forth below, with a more detailed identification of the actual services provided set forth in Applicant's time records, which are attached to the Application as <u>Exhibit A</u>. <u>Exhibit A</u> identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

12. What follows is a breakdown of Applicant's activities by project category during this Interim Period. Eleven project categories have been used to categorize Applicant's services in this case.

**Project Code 2 – Asset Disposition:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $985.00 | 0.20 | $197.00 |
| Alex R. Velinsky | Associate | $445.00 | 0.40 | $178.00 |
| | | **TOTAL** | **0.60** | **$ 375.00** |

13. Applicant expended time in this category in connection with matters related to the sale or disposition of the Debtor's remaining assets, including its potential preference actions.

Hours: 0.60          Total: $375.00

**Project Code 3 – Business Operations/Business Plan:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $995.00 | 0.90 | $895.50 |
| | | $985.00 | 0.80 | $788.00 |
| | | $955.00 | 2.70 | $2,578.50 |
| | | $910.00 | 2.80 | $2,548.00 |
| | | TOTAL | 7.20 | $6,810.00 |

14. This category includes time expended by Applicant with respect to business operations and business plan. Project Code 3 includes time spent by Applicant reviewing the Debtor's monthly operating reports.

Hours: 7.20    Total: $6,810.00

**Project Code 4: Case Administration:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $995.00 | 0.50 | $497.50 |
| | | $985.00 | 1.10 | $1,083.50 |
| | | $955.00 | 3.50 | $3,342.50 |
| | | $910.00 | 0.70 | $637.00 |
| Ronald R. Sussman | Partner | $825.00 | 0.40 | $330.00 |
| | | $785.00 | 0.20 | $157.00 |
| Jeffrey L. Cohen | Partner | $695.00 | 1.00 | $695.00 |
| | | $660.00 | 0.40 | $264.00 |
| | | $630.00 | 0.40 | $252.00 |
| | | $595.00 | 0.90 | $535.50 |
| Michael Aaron Klein | Associate | $595.00 | 0.20 | $119.00 |
| | | $550.00 | 0.50 | $275.00 |
| Alex R. Velinsky | Associate | $475.00 | 0.30 | $142.50 |
| | | $445.00 | 1.00 | $445.00 |
| | | $375.00 | 0.20 | $75.00 |
| | | $305.00 | 0.70 | $213.50 |
| | | TOTAL | 12.00 | $9,064.00 |

15. Project Code 4 is for time spent by Applicant in the administration of the case and generally includes Applicant's time spent corresponding with the Committee and individual

6.

creditors, as well as with other professionals and internally on the status of the case, monitoring the court docket, and organizing meetings and teleconference calls.

    Hours: 12.00                               Total: $9,064.00

**Project Code 5:  Claims**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $995.00 | 0.40 | $398.00 |
|  |  | $985.00 | 0.40 | $394.00 |
|  |  | $955.00 | 0.10 | $95.50 |
| Michael Aaron Klein | Associate | $550.00 | 0.20 | $110.00 |
| Alex R. Velinsky | Associate | $475.00 | 0.10 | $47.50 |
|  |  | $445.00 | 4.50 | $2,002.50 |
|  |  | **TOTAL** | **5.70** | **$3,047.50** |

    16.    Project Code 5 is for time dedicated to matters relating to claims in this case. During the Application Period, Applicant spent time in this project category (i) reviewing the Debtor's claims objections and potential further claims reconciliation issues; and (ii) corresponding with parties in interest with respect to preferences and general unsecured claims.

    Hours: 5.70                               Total: $3,047.50

**Project Code 7:  Retention/Professional Compensation/Fee Statements:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $955.00 | 0.70 | $668.50 |
| Jeffrey L. Cohen | Partner | $630.00 | 0.30 | $189.00 |
| Michael Aaron Klein | Associate | $630.00 | 1.10 | $693.00 |
|  |  | $595.00 | 3.20 | $1,904.00 |
|  |  | $550.00 | 8.10 | $4,455.00 |
| Alex R Velinsky | Associate | $445.00 | 0.30 | $133.50 |
|  |  | **TOTAL** | **13.70** | **$8,043.00** |

    17.    Project Code 7 is for Applicant's time spent on matters relating to the retention and compensation of professionals, including Applicant's own compensation and the

2096881 v3/NY

compensation of other professionals retained in this case.

18.  In its role as counsel to the Committee, Applicant, *inter alia*, (i) prepared Cooley's most recent interim fee application; (ii) prepared Cooley's monthly fee statements in accordance with the Fee Procedure Order; and (iii) reviewed and analyzed the monthly and interim fee applications of the Debtor's professionals.

Hours:  13.70                                    Total:  $8,043.00

**Project Code 9:  Financing and Cash Collateral:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $955.00 | 0.90 | $859.50 |
|  |  | $910.00 | 0.60 | $546.00 |
| Jeffrey L. Cohen | Partner | $630.00 | 4.60 | $2,898.00 |
|  |  | $595.00 | 2.20 | $1,309.00 |
| Michael Aaron Klein | Associate | $550.00 | 0.10 | $55.00 |
|  |  | **TOTAL** | **8.40** | **$5,667.50** |

19.  Project Code 9 is for Applicant's time spent on matters relating to the Debtor's use of cash collateral and other postpetition financing issues.  Applicant expended time in this category during the Interim Period (i) reviewing and analyzing the Debtor's cash collateral motion and budget, and (ii) corresponding with various parties in interested regarding the Debtor's use of cash collateral.

Hours:  8.40                                    Total:  $5,667.50

**Project Code 10: Litigation:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $995.00 | 0.20 | $199.00 |
|  |  | $985.00 | 2.80 | $2,758.00 |
|  |  | $955.00 | 0.50 | $477.50 |
|  |  | $910.00 | 11.60 | $10,556.00 |
| Ronald R. Sussman | Partner | $865.00 | 1.00 | $865.00 |
|  |  | $785.00 | 16.70 | $13,109.50 |

8.

| | | | | |
|---|---|---|---|---|
| Jeffrey L. Cohen | Partner | $660.00 | 8.50 | $5,610.00 |
| | | $630.00 | 1.00 | $630.00 |
| | | $595.00 | 19.40 | $11,543.00 |
| Michael Aaron Klein | Associate | $630.00 | 0.30 | $189.00 |
| | | $595.00 | 0.40 | $238.00 |
| | | $550.00 | 0.10 | $55.00 |
| Alex R. Velinsky | Associate | $475.00 | 0.50 | $237.50 |
| | | $445.00 | 3.60 | $1,602.00 |
| | | $375.00 | 0.30 | $112.50 |
| | | $305.00 | 41.10 | $12,535.50 |
| | | **TOTAL** | **108.00** | **$60,717.50** |

20.    Project Code 10 is for Applicant's time spent in connection with the adversary proceeding commenced by the Debtor against Ed Bachrach, the former equityholder of the Debtor, and other defendants seeking to avoid and recover certain fraudulent transfers made by the Debtor to the defendants and avoid certain obligations incurred by the Debtor (the "Ed Bachrach Litigation").  Specifically, applicant expended time (i) preparing for and attending the depositions in connection with the Ed Bachrach Litigation; (ii) preparing for and attending the multi-day trial in connection with the Ed Bachrach Litigation; (iii) reviewing expert reports prepared in connection with the Ed Bachrach Litigation; and (iv) corresponding with Debtor's counsel and the Committee regarding all aspects of the Ed Bachrach Litigation.

21.    In addition, Applicant expended time in this category corresponding with creditors and Debtor's counsel concerning the prosecution and settlement of avoidance actions commenced against the Debtor's vendors.

Hours:  108.00                    Total:  $60,717.50

2096881 v3/NY

**Project Code 11:  Meetings:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Ronald R. Sussman | Partner | $785.00 | 0.40 | $314.00 |
| Alex R. Velinsky | Associate | $305.00 | 0.80 | $244.00 |
|  |  | **TOTAL** | 1.20 | $ 558.00 |

22. Project Code 11 is for Applicant's time spent in meetings related to the Debtor's chapter 11 case.  During the Interim Period, Applicant expended time in internal meetings regarding the Committee's role in the Debtor's chapter 11 case and meetings with the Debtor's professionals regarding trial strategy in the Ed Bachrach Litigation.

Hours:  1.20                            Total:  $558.00

**Project Code 12:  Plan and Disclosure Statement:**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $995.00 | 0.30 | $298.50 |
|  |  | $985.00 | 0.20 | $197.00 |
|  |  | $955.00 | 0.80 | $764.00 |
|  |  | **TOTAL** | **1.30** | **$1,259.50** |

23. Project Code 12 is for Applicant's time spent on matters relating to a plan and disclosure statement for the Debtor.  During the Interim Period, Applicant expended time in this category corresponding with Debtor's counsel regarding the exit strategy for the Debtor's chapter 11 case, including the possibility of preparing and filing a plan and disclosure statement.

Hours:  1.30                            Total:  $1,259.50

10.

**Project Code 14:  Travel**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Jeffrey L. Cohen | Partner | $595.00 | 3.00 | $1,785.00 |
| Alex R. Velinsky | Associate | $305.00 | 25.30 | $7,716.50 |
| | | **TOTAL** | **28.30** | **$9,501.50** |

24. Project Code 14 is for non-working travel time in this case. During the Application Period, Applicant traveled in order to attend and participate in (i) a mediation in the Ed Bachrach Litigation, (ii) depositions of fact and expert witnesses in connection with the Ed Bachrach litigation; and (iii) the multi-day trial in the Ed Bachrach Litigation.

Hours: 28.30                       Total: $9,501.50

**Project Code 19:  Prepare for and Attend Hearings**

| Name | Position | Hourly Rate | Hours Billed | Compensation |
|---|---|---|---|---|
| Jeffrey L. Cohen | Partner | $595.00 | 3.00 | $1,785.00 |
| Michael Aaron Klein | Associate | $550.00 | 0.10 | $55.00 |
| Alex R. Velinsky | Associate | $475.00 | 0.40 | $190.00 |
| | | $305.00 | 24.30 | $7,411.50 |
| | | **TOTAL** | **27.80** | **$9,441.50** |

25. Project Code 19 is for time expended by Cooley preparing for and attending hearings in the Debtor's chapter 11 case. Applicant expended time in this category preparing for and attending (i) a mediation to resolve the Ed Bachrach Litigation and (ii) the adversary proceeding trial in connection with the Ed Bachrach Litigation.

Hours: 27.80                       Total: $9,441.50

## Time Records for the Interim Period

26. As stated above, time records for the Application Period are attached hereto as Exhibit A. These records contain daily time logs describing the time spent by each attorney and paraprofessional during the Application Period. To the best of Cooley's knowledge, this

11.

Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Procedure Order.

27. Each attorney and paraprofessional performing the described services initially handwrites or types time reports. The time reports are organized on a daily basis. Cooley is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of matters for a particular client, separate time entries are set forth in the time reports. Cooley charges for its professional services based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. Cooley reduces its charges related to any non-working travel time to fifty-percent (50%) of Cooley's standard hourly rate.

### Actual and Necessary Expenses for the Interim Period

28. A summary of actual and necessary expenses incurred by Applicant for the Application Period is included in the Cover Sheet. Cooley charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects Cooley's calculation of the actual costs incurred by Cooley for the machines, supplies and extra labor expenses associated with sending telecopies, and is reasonable in relation to the amount charged by outside vendors who provide similar services. Cooley does not charge for the receipt of faxes.

| Expenses | Amounts |
|---|---|
| Airfare | $2,955.50 |
| Audio/Video Conferencing Services | $9.06 |
| Auto Rental | $140.98 |
| Hotels | $2,728.06 |
| Meals | $336.20 |
| Parking and Taxi | $582.91 |
| Postage | $2.27 |
| Reproduction of Documents | $5.40 |

12.

| Expenses | Amounts |
|---|---:|
| Research Databases/Document Retrieval | $43.44 |
| Telephone | $16.31 |
| Transportation | $784.28 |
| **Total:** | **$7,604.41** |

29. What follows is an explanation of certain of Applicant's large expenses during this Application Period. The remaining small expenses are self-explanatory.

**Travel, Transportation and Parking & Taxi**

30. These categories include the travel expenses incurred by Applicant. During the Application Period, Cooley attorney (i) Jeffrey L. Cohen traveled from New York to Chicago to participate in a mediation related to the Ed Bachrach Litigation on March 10, 2010; and (ii) Alex Velinsky traveled from New York to West Palm Beach, Florida to attend and participate in the May 19, 2010 deposition of Scott King, and from New York to Chicago on June 25, 2010 for the deposition of J. Ciancanelli, on August 11, 2010 for the deposition of Craig Elson, and from September 29, 2010 to October 7, 2010 attend the trial in adversary proceeding related to the Ed Bachrach Litigation. In connection therewith, Cooley incurred airfare, auto rental, parking and taxi, and ground transportation expenses totaling $4,463.67.

31. Applicant has reviewed the requirements of Rule 5082-1 of the Local Rules and this Application complies with Local Rule 5082-1.

## REASONABLENESS OF THE COMPENSATION REQUESTED

32. In this judicial district, courts are generally guided by the criteria set forth in In re Spanjer Brothers, Inc., 191 B.R. 738 (Bankr. N.D. Ill. 1996), which requires that only actual, necessary and reasonable fees may be compensated pursuant to 11 U.S.C. §330. See also In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 728 (Bankr. D. Del. 2000).

33. As indicated by the Court Spanjer Brothers, Inc., the starting point for this inquiry

must be section 330 of the Bankruptcy Code which provides, in pertinent part,

> After notice and a hearing…the court may award to…a professional person employed under section 327 of this title…
>
> (i)     reasonable compensation for actual, necessary services rendered by such…attorney…based on the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title.

11 U.S.C. § 330.

34.     Bankruptcy courts have developed different approaches in their analyses of compensation requests. Some courts use the traditional approach of applying the twelve criteria[5] first enunciated in the civil rights case of Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), and first adopted in bankruptcy cases in In re First Colonial Corp. of America, 5 F.2d 1291 (5th Cir. 1977). See, e.g., In re Four Star Terminals, Inc., 42 B.R. 419, 430-31 n.6 (Bankr. D. Alaska 1984) and cases cited therein. The courts of this jurisdiction refer to those criteria. See Spanjer Brothers, Inc., 191 B.R. at 749; see also In re Palladino, 267 B.R. 825, 831 (Bankr. N.D. Ill. 2001).

35.     Other courts use a lodestar analysis. In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 849 (3rd Cir. 1995). The In re Busy Beaver decision favors the lodestar method; multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate. Id. See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Some courts use both the Johnson factors and the lodestar analysis. See In re Coates, 292 B.R. 894, 901 (Bankr. C.D. Ill. 2003).

---

[5]     The twelve Johnson factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See In re Spanjer Brothers, Inc., 191 B.R. at 748.

14.

36. Compensation allowances are normally imprecise. Given the subjective nature of the criteria, the value of professional services cannot be ascertained by the application of an exact mathematical formula to a given set of facts. <u>In re Busy Building Centers, Inc.</u>, at 845; <u>In re Frontier Airlines, Inc.</u>, 74 B.R. 973 (Bankr. D. Colo. 1987). This concept was aptly summarized by the First Circuit Court of Appeals:

> [I]t is important for the court to maintain "a sense of overall proportion," (citation), and not "become enmeshed in meticulous analysis of every detailed facet of the professional representation," (citation). It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an association rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

<u>In re Boston and Maine Corporation</u>, 776 F.2d 2, 10 (1st Cir. 1985).

37. Applicant submits that the award of compensation and expense reimbursement as requested by this application is appropriate, and proposes that such payment be made from the funds delineated for the payment of professional fees in the Dismissal Motion.

38. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Cooley is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Cooley has reviewed the requirements of the Local Rule 5082-1, and the Fee Procedure Order, and believes that this Application complies with that Rule and that Order.

**NOTICE**

39. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) counsel to the Debtor's secured lenders; and (d) parties

requesting notice in this case. In light of the nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, Cooley respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, Applicant hereby respectfully requests (i) interim allowance of compensation for Applicant's duly authorized, necessary, and valuable service to the Committee during the Interim Period in the aggregate amount of **$114,485.00**, and reimbursement to Applicant for actual and necessary expenses incurred during the Interim Period in connection with the aforesaid services in the aggregate amount of **$7,604.41**; and (ii) final allowance of compensation for legal services rendered by Applicant in the total amount of **$973,895.00**[6] and reimbursement for actual and necessary expenses incurred in the amount of **$33,841.26**[7] by Applicant during the Final Compensation Period; (iii) directing the Debtor to pay any unpaid amounts to Applicant according to the allocation agreed to by Applicant as set forth in the Dismissal Motion; and (iv) granting such other relief as the Court deems just and proper.

Dated: January 8, 2014
      New York, New York

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

/s/ Jeffrey L. Cohen
Jeffrey L. Cohen, Esq.

Counsel for the Official Committee of Unsecured Creditors

---

[6] This amount reflects reductions previously ordered by the Court.
[7] This amount reflects reductions previously ordered by the Court.

2096881 v3/NY