# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BACHRACH CLOTHING, INC., | Case No. 06-06525 |
| Debtor. | Hon. Pamela S. Hollis |
| | Hearing Date: January 30, 2014 |
| | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO: See Attached Service List

**PLEASE TAKE NOTICE** that on January 30, 2014 at 10:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, or any other judge sitting in her stead in Courtroom 644 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **Seventh Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses of BDO USA, LLP as Financial Advisor for Official Committee of Unsecured Creditors for the Period June 12, 2006 through January 8, 2014,** a copy of which is attached, and counsel shall request the entry of an order granting the relief requested therein, at such time and place you may appear as you see fit.

Dated: January 8, 2014

/s/ Jason A. Frye
Jason A. Frye, Esq. (6292848)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL  60602-3801
(312) 269-8000

NGEDOCS: 2143039.1

## CERTIFICATE OF SERVICE

      Jason A. Frye, an attorney, states that he caused a copy of the foregoing **Seventh Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses of BDO USA, LLP as Financial Advisor for Official Committee of Unsecured Creditors** to be served on all persons on the attached Service List via electronic mail on this 8th day of January, 2014.


                                               By  /s/ Jason A. Frye

NGEDOCS: 2143039.1

## SERVICE LIST

| | |
|---|---|
| Stephen G. Wolfe<br>E-mail: Steve.G.Wolfe@usdoj.gov<br>Office of the United States Trustee<br>227 West Monroe, Suite 3350<br>Chicago, IL  60606 | Ms. Kristin Sowa<br>E-mail: ksowa@bachrach.com<br>Bachrach Clothing Inc.<br>One Bachrach Court,<br>Decatur, IL 62526 |
| Lawrence C. Gottlieb, Esq.<br>E-mail: lgottlieb@cooley.com<br>Cathy Hershcopf, Esq.<br>E-mail:  chershcopf@cooley.com<br>Jeffrey L. Cohen, Esq.<br>E-mail: jcohen@cooley.com<br>Seth Van Aalten, Esq.<br>E-mail: svanaalten@cooley.com<br>Cooley, Godward Kronish LLP<br>1114 Avenue of the Americas<br>New York, New York  10036<br>Main Fax: 212.479.6275 | Allen J. Guon, Esq.<br>E-mail:  aguon@shawgussis.com<br>Peter J. Roberts<br>E-mail:  proberts@shawgussis.com<br>Robert M. Fishman<br>E-mail:  rfishman@shawgussis.com<br>Shaw Gussis Glantz Wolfson & Towbin LLC<br>321 N. Clark Street, Suite 800<br>Chicago, IL  60610 |
| Donald Rothman<br>E-mail:  drothman@riemerlaw.com<br>Riemer & Braunstein, LLP<br>Three Center Plaza, 6th Floor<br>Boston, MA 02108 | James A. Stempel<br>E-mail: jstempel@kirkland.com<br>Kirkland & Ellis LLP<br>200 E. Randolph Dr.<br>Chicago, IL 60601 |

NGEDOCS: 2143039.1

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.     Case No. 06-06525 (PSH) |
| | ) | |
| **BACHRACH CLOTHING, INC.** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | Hearing Date: |
| | ) | Hearing Time: |
| | ) | |
| | ) | |

**SEVENTH INTERIM AND FINAL APPLICATION OF BDO SEIDMAN, LLP
FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISOR TO THE CREDITORS' COMMITTEE
FOR THE PERIOD JUNE 12, 2006 THROUGH JANUARY 8, 2014**

The accounting, consulting and financial advisory firm of BDO USA, LLP f.k.a. BDO Seidman, LLP ("BDO"), pursuant to 11 U.S.C. §§ 330 and 331, Rules 2016 and 9007 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 5082-1, hereby submits its Seventh Interim and Final Application for Approval of Compensation and Reimbursement of Expenses as Financial Advisor to the Committee for the period June 12, 2006 through January 8, 2014 (the "Final Application"). BDO respectfully represents:

## I.   INTRODUCTORY STATEMENT

1. BDO's Business Restructuring Services practice ("BRS") is a national team of responsive professionals, experienced in all aspects of loan workouts, restructuring and bankruptcy. BRS has extensive experience representing trustees, debtors and virtually all classes of creditors and equity holders in both out-of-court and in-court workouts and restructuring. BRS has developed the methodologies, resources and expertise required for operational and financial restructuring, due diligence and financial analysis, pre-and post-bankruptcy planning and case administration, settlement and portfolio valuations, and investigative accounting.

-1-

2. On June 6, 2006, Bachrach Clothing, Inc. (the "Debtor" or "Bachrach") filed their Voluntary Chapter 11 petition under Title 11 of the United States Code and an order for relief under Chapter 11 was entered. The Debtor remains in possession of its assets and has continued to operate and manage the business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On June 12, 2006, the Official Committee of Unsecured Creditors (the "Committee") was appointed in this case by the Office of the United States Trustee for the Eastern District of Illinois (the "U.S. Trustee"), consisting of the following seven members: (i) 57th & 5th, Inc.; (ii) Neema Clothing, Ltd.; (iii) Kellwood Distribution Division; (iv) Maconde Confecçõoes II – Comércio e Indústria, S.A.; (v) General Growth Properties, Inc.; (vi) Simon Property Group, LP; and (vii) Store Kraft (Docket No. 37).

4. On June 27, 2006, the Committee filed their Application for Authority for BDO Seidman, LLP to be Retained as Financial Advisor to the Official Committee of Unsecured Creditors N*unc Pro Tunc* to June 12, 2006 [Docket No. 95] (the "Employment Application"). On July 6, 2006, an order, effective as of June 12, 2006 was duly signed and entered by this Court authorizing the retention of BDO [Docket No. 136].

5. On July 6, 2006, the Court also entered an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Compensation Order").

6. This is BDO's Seventh Interim and Final Application for Compensation for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred on behalf of the Committee. BDO makes this Final Application pursuant to the provisions of 11 U.S.C. sections 327 through 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Guidelines Pertaining to Requests for Compensation and Expense By

Professionals.

    a. On November 29, 2006, BDO filed its First Interim Application for compensation and reimbursement of expenses for the period from June 12, 2006, 2013 through August 31, 2006 [Dkt. No. 281], seeking interim approval of compensation for actual and necessary professional services rendered in the amount of $55,534.00 and reimbursement of reasonable and necessary expenses incurred in the amount of $0.00 (the "First Interim Application").  On December 21, 2006, an order was entered [Docket No. 303] pursuant to which BDO was awarded 100% of requested fees and 100% of requested expenses.  BDO has been paid $51,463.87 for the First Interim Application, leaving a balance owed of $4,070.13 related to the First Interim Application.

    b. On January 11, 2007, BDO filed its Second Interim Application for compensation and reimbursement of expenses for the period from September 1, 2006 through October 31, 2006 [Docket No. 305], seeking interim approval of compensation for actual and necessary professional services rendered in the amount of $10,423.00 and reimbursement of reasonable and necessary expenses incurred in the amount of $0.00 (the "Second Interim Application").  On February 6, 2007, an order was entered [Docket No. 330] pursuant to which BDO was awarded 100% of requested fees and 100% of requested expenses.  BDO has been paid $9,102.22 for the Second Interim Application, leaving a balance owed of $1,320.78 related to the Second Interim Application.

c. On April 12, 2007, BDO filed its Third Interim Application for compensation and reimbursement of expenses for the period from November 1, 2006 through February 28, 2007 [Docket No. 385], seeking interim approval of compensation for actual and necessary professional services rendered in the amount of $121,257.00 and reimbursement of reasonable and necessary expenses incurred in the amount of $181.00 (the "Third Interim Application").  On May 15, 2007, an order was entered [Docket No. 405] pursuant to which BDO was awarded $113,852.35 of requested fees and $129.00 of requested expenses.  BDO has been paid $55,335.96 for the Third Interim Application, leaving a balance owed of $58,645.39 related to the Third Interim Application.

d. On September 20, 2007, BDO filed its Fourth Interim Application for compensation and reimbursement of expenses for the period from March 1, 2007 through July 31, 2007 [Docket No. 464], seeking interim approval of compensation for actual and necessary professional services rendered in the amount of $21,589.00 and reimbursement of reasonable and necessary expenses incurred in the amount of $1,054.00 (the "Fourth Interim Application").  On November 15, 2007, an order was entered [Docket No. 493] pursuant to which BDO was awarded 100% of requested fees and 100% of requested expenses.  BDO has been paid $8,331.25 for the Fourth Interim Application, leaving a balance owed of $14,311.75 related to the Fourth Interim Application.

e. On June 17, 2008, BDO filed its Fifth Interim Application for compensation and reimbursement of expenses for the period from August 1, 2007 through April 30, 2008 [Docket No. 637], seeking interim approval of compensation for actual

and necessary professional services rendered in the amount of $3,925.00 and reimbursement of reasonable and necessary expenses incurred in the amount of $0.00 (the "Fifth Interim Application"). On July 15, 2008, an order was entered [Docket No. 643] pursuant to which BDO was awarded 100% of requested fees and 100% of requested expenses. BDO has been paid $3,140.00 for the Fifth Interim Application, leaving a balance owed of $785.00 related to the Fifth Interim Application.

f. On March 4, 2009, BDO filed its Sixth Interim Application for compensation and reimbursement of expenses for the period from May 1, 2008 through January 31, 2009 31, 2006 [Docket No. 797], seeking interim approval of compensation for actual and necessary professional services rendered in the amount of $1,543.50 and reimbursement of reasonable and necessary expenses incurred in the amount of $7.35 (the "Sixth Interim Application"). On March 26, 2009, an order was entered [Docket No. 840] pursuant to which BDO was awarded 100% of requested fees and 100% of requested expenses. BDO has been paid in full for the Sixth Interim Application.

g. By this Final Application, BDO seeks approval of compensation for actual and necessary professional services rendered in the amount of $453.00 and reimbursement of reasonable and necessary expenses incurred in the amount of $27.18 for the period February 1, 2009 through January 8, 2014.

7. BDO hereby incorporates by reference the above mentioned First through Sixth Interim Applications as if all were attached hereto in full and made a part hereof (the "Prior Interim Applications"). Copies of the Prior Interim Applications are available on the docket or upon

-5-

written request to BDO by any interested party.

8. Detailed statements itemizing services rendered and expenses incurred by BDO during the period from February 1, 2009 through January 8, 2014 are annexed hereto as **Exhibits "A" through "C"** and incorporated herein by reference. The same information for the rest of the Final Period are available as Exhibits A and B to the Prior Interim Applications.

## II.     SUMMARY OF SERVICES RENDERED

9. By this Final Application, BDO seeks final allowance for (a) compensation for services rendered during the period from February 1, 2009 through January 8, 2014 (the "Seventh Interim Period") in the amount of $453.00; (b) reimbursement for certain expenses incurred during the Seventh Interim Period the amount of $27.18; (c) final approval of compensation for professional services rendered for the period from June 12, 2006 through January 8, 2014 (the "Final Period") the amount of $207,319.85 and (d) final approval of expenses incurred during the Final Period June 12, 2006 through January 8, 2014 in the amount of $1,217.53. This Final Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Compensation Procedures.

10. During the Seventh Interim Period, BDO provided services of a general nature to the Committee, as set forth below:

|    |                                                                                                                                                              | HOURS | AMOUNT   |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| A. | COUNSEL DISCUSSIONS & COURT HEARINGS<br>Throughout the engagement we consulted with Counsel and Committee members regarding all pertinent matters.            | 0.2   | $100.00  |
| D. | FEE APPLICATIONS / MONTHLY STATEMENTS<br>Preparation of Sixth Interim Application.                                                                           | 1.9   | 353.00   |
|    | **TOTAL:**                                                                                                                                                   | **2.1** | **$453.00** |

## III.     COMPENSATION STANDARDS

11. Section 330(a)(3) of the Bankruptcy Code identifies factors that should be considered

when determining the amount of reasonable compensation.  These factors are:

    A.    the time spent on such services;
    B.    the rates charged for such services;
    C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
    E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
    F.    whether the compensation is reasonable based on customary compensation charged by comparably skilled practitioner in cases other than cases under this title.

**A.**     **Time Spent**

12. The size and complexity of the Debtor's case as well as the numerous and complex issues required substantial broad-based accounting and financial advisory expertise to resolve the issues.  As a consequence, the demands of this case have been such that BDO's highly skilled insolvency professionals have devoted substantial time and effort to perform properly and expeditiously the required accounting and advisory work.

13. In the Seventh Interim Period covered by the Final Application, BDO professionals spent 2.1 hours performing services for the Committee or for the benefit of the Debtor and its estate. During the Final Period, BDO professionals spent 743.1 hours performing services for the Committee or for the benefit of the Debtor and its estate.

14. BDO's time records are recorded contemporaneously with the rendition of professional services.  **Exhibit "B"** attached hereto contains a full and complete description of the services rendered by BDO on a daily basis for the Seventh Interim Period.  BDO's time records are maintained in one-tenth of an hour (0.10) increments.

**B.** **Rates Charged**

15. BDO customarily bills their professionals at rates commensurate with the experience of the person performing such services. A detail of standard hourly rates by professional with title is included in **Exhibit "A"** attached hereto and incorporated herein by reference. A list of the BDO's current standard hourly rates as of the date of this Final Application are as follows:

| | |
|---|---|
| Partners/Managing Director | $475 – $795 |
| Directors /Senior Managers | $375 – $525 |
| Managers | $325 – $425 |
| Seniors | $200 – $350 |
| Staff | $150 – $225 |

16. Each duty and task performed by BDO has been performed by the professional most qualified to render such services at his or her ordinary hourly charges.

17. BDO's professionals have delegated authority where appropriate to prevent duplication of effort, to ensure that associates were used whenever possible and to utilize the services of professionals who bill at lower hourly rates as much as possible.

18. Where more than one person attended a meeting, such attendance was not a duplication of effort, but was necessary to adequately represent the interests of the Committee, and to have the appropriate expertise available.

**C.** **Beneficial at the Time at Which the Service was Rendered**

19. The services BDO performed were the actual and necessary cost of the administration of the Debtor's estate and have enabled the case to proceed.

**D.     Performed in a Reasonable Amount of Time and at Reasonable Cost**

20. BDO is a nationally recognized consulting and financial advisory firm and was selected by the Committee for its ability to provide the required services in a timely fashion and at reasonable cost.  In this case, the time frames were often short and required substantial effort by BDO professionals to resolve complex issues in a timely manner.

21. The services in this case were performed in a reasonable amount of time given the complex nature of the issues.

**E.     BDO's Professionals**

22. BDO's professionals have a variety of certifications and have demonstrated outstanding abilities in the restructuring advisory and investment banking fields.

**F.     Fee's Outside of Bankruptcy**

23. BDO charges the same rates both within and outside of the bankruptcy context.  BDO's rates are commensurate with other firms of comparable skill.

**G.     Other Compensation Issues**

24. Further, section 330(a)(6) provides "Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application."

25. During the Seventh Interim Period, hours and fees incurred in the preparation of prior fee applications and related data were 1.9 hours and $353.00, respectively.  During the Final Period, hours and fees incurred in the preparation of prior fee applications and related data were 34.9 hours and $7,493.00, respectively.

26.  There is no agreement or understanding between BDO and any other person, other than the members, associates and employees of BDO, for the sharing of compensation received for

services rendered in connection with this case.

## NOTICE

27. Notice of this Final Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) counsel to the Debtor's secured lenders; and (d) parties requesting notice in this case. In light of the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, BDO respectfully requests that additional notice of the hearing on this Final Application be waived for good cause shown pursuant to Rules 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

### IV.   CONCLUSION

28. For all of the reasons set forth in this Final Application, BDO respectfully submits that the services it has rendered and the disbursements it has incurred on behalf of the Committee during this case have been reasonably expended in order to adequately represent and protect the interests of the Committee in this case. BDO submits further that it has provided such services in an economical and efficient manner. Accordingly, BDO requests that the relief requested in this Final Application be granted in all respects.

WHEREFORE, BDO respectfully requests that this Court enter an order to (i) authorize compensation in the amount of $453.00 as compensation for necessary services rendered and $27.18 for reimbursement of actual and necessary expenses incurred during the Seventh Interim Period from February 1, 2009 through January 8, 2014; (ii) grant final approval of fees in the total amount of $207,319.85 as compensation for necessary services rendered and $1,217.53 for reimbursement of actual and necessary expenses incurred during the Final Period from June 12, 2006 through January 8, 2014 for a total final allowance of $208,537.38; (iii) authorize and direct the Debtors to pay BDO all outstanding amounts owed; and (iv) grant such other and

further relief as this Court may deem just and proper.

                                      BDO USA, LLP
                                      100 Park Avenue, 9th Floor
                                      New York, N.Y. 10017
                                      Telephone Number:   (212) 885-8001
                                      Facsimile Number:   (212) 515-2599

                                      Financial Advisor to the Committee

                                      _____
                                      DAVID E. BERLINER

Sworn and subscribed to before
me this 8th day of January, 2014

_____
Notary Public

DONNA BISSETT
Notary Public, State of New York
No. 01BI6113366
Qualified in Suffolk County
Commission Expires July 26, 2016