**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BACHRACH CLOTHING, INC., | Case No. 06-06525 |
| Debtor. | Hon. Pamela S. Hollis |
| | Hearing Date:  January 30, 2014<br>Hearing Time:  10:00 a.m. |

**NOTICE OF MOTION**

TO:  See Attached Service List

**PLEASE TAKE NOTICE** that on January 30, 2014 at 10:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, or any other judge sitting in her stead in Courtroom 644 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **Eight Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses of Neal, Gerber & Eisenberg LLP as Local Counsel for Official Committee of Unsecured Creditors for the Period June 12, 2006 through December 31, 2013,** a copy of which is attached, and counsel shall request the entry of an order granting the relief requested therein, at such time and place you may appear as you see fit.

Dated:  January 8, 2014                             /s/ Jason A. Frye
                                                                Jason A. Frye, Esq. (6292848)
                                                                NEAL, GERBER & EISENBERG LLP
                                                                Two North LaSalle Street, Suite 1700
                                                                Chicago, IL  60602-3801
                                                                (312) 269-8000

NGEDOCS: 2141996.1

**CERTIFICATE OF SERVICE**

      Jason A. Frye, an attorney, states that he caused a copy of the foregoing **Eight Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses of Neal, Gerber & Eisenberg LLP as Local Counsel for Official Committee of Unsecured Creditors** to be served on all persons on the attached Service List via electronic mail on this 8th day of January, 2014.


                                       By    /s/ Jason A. Frye

**SERVICE LIST**

Stephen G. Wolfe
E-mail: Steve.G.Wolfe@usdoj.gov
Office of the United States Trustee
227 West Monroe, Suite 3350
Chicago, IL  60606

Lawrence C. Gottlieb, Esq.
E-mail: lgottlieb@cooley.com
Cathy Hershcopf, Esq.
E-mail:  chershcopf@cooley.com
Jeffrey L. Cohen, Esq.
E-mail: jcohen@cooley.com
Seth Van Aalten, Esq.
E-mail: svanaalten@cooley.com
Cooley, Godward Kronish LLP
1114 Avenue of the Americas
New York, New York  10036
Main Fax: 212.479.6275

Donald Rothman
E-mail:  drothman@riemerlaw.com
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

Ms. Kristin Sowa
E-mail: ksowa@bachrach.com
Bachrach Clothing Inc.
One Bachrach Court,
Decatur, IL 62526

Allen J. Guon, Esq.
E-mail:  aguon@shawgussis.com
Peter J. Roberts
E-mail:  proberts@shawgussis.com
Robert M. Fishman
E-mail:  rfishman@shawgussis.com
Shaw Gussis Glantz Wolfson & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL  60610

James A. Stempel
E-mail:  jstempel@kirkland.com
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

NGEDOCS: 2141996.1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BACHRACH CLOTHING, INC., | Case No. 06-06525 |
| Debtor. | Hon. Pamela S. Hollis |
| | Hearing Date: January 30, 2014<br>Hearing Time: 10:00 a.m. |

**EIGHTH INTERIM AND FINAL APPLICATION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF NEAL, GERBER & EISENBERG LLP AS LOCAL
COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Neal, Gerber & Eisenberg, LLP ("NGE"), pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1, submits this Eighth Interim and Final Application (the "Final Application") for: (i) allowance on a final basis of compensation totaling $12,129.00 for professional services rendered by NGE as local counsel for the Official Committee of Unsecured Creditors (the "Committee") for the period beginning March 1, 2011 and ending December 31, 2013 (the "Interim Period"); (ii) allowance on a final basis of compensation totaling $106,550.65[1] for services rendered for the final period of June 12, 2006 through December 31, 2013 (the "Final Period"); and (iii) payment of the foregoing amounts from the Debtor. NGE also requests that further notice of the hearing on this Final Application be waived. In support of its Final Application, NGE respectfully states as follows:

---

[1] This amount reflects reductions previously ordered by the Court with respect to prior interim fee applications.

NGEDOCS: 2141995.1

**INTRODUCTION**

1.     On June 6, 2006 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its assets and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.     On June 12, 2006, the Committee was appointed in this case by the Office of the United States Trustee, consisting of the following 7 members: (i) 57th & 5th, Inc.; (ii) Neema Clothing Ltd.; (iii) Kellwood Distribution Division; (iv) Maconde Confeccoes II; (iv) Simon Property Group, LP; (vi) General Growth Properties, Inc.; and (vii) Store Kraft.

3.     On June 12, 2006, the Committee decided that it wished to employ the firm of Kronish Lieb Weiner & Hellman LLP ("KLWH") as its counsel to advise and represent it in this proceeding and with respect to the various legal considerations and decisions which have arisen and will continue to arise throughout the duration of this proceeding.  As of October 1, 2006, KLWH changed its name to Cooley Godward Kronish, LLP.  Cooley Godward Kronish, LLP is currently known as Cooley LLP.

4.     Also on June 12, 2006, the Committee selected NGE to act as its local counsel in connection with this proceeding.  The Committee retained NGE with the Court's approval in part because of NGE's knowledge of the local rules in the Northern District of Illinois, its skill, efficiency and expertise in representing unsecured creditors in chapter 11 cases and its proximity to the Court.

5.     On June 20, 2006, the Debtor filed its motion to sell substantially all of its assets [Docket No. 40].  The Court granted the sale motion [Docket No. 75], and an auction took place on June 29, 2006, at which a joint venture consisting of Great American Group, LLC, Hudson

Capital Bankers, LLC and Bachrach Acquisitions, LLC (the "Joint Venture") was the successful bidder for substantially all of the Debtor's assets.

6. On July 6, 2006, the Court entered the Final Agreed Stipulation and Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection, which order was further supplemented by the Court order on July 27, 2006 (as supplemented, the "Cash Collateral Order").

7. On July 6, 2006, the Court also entered an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Compensation Order").

8. Pursuant to the terms of the Cash Collateral Order, the Debtor and Sun Bachrach previously agreed to extend the Debtor's use of Cash Collateral from February 1, 2007 through and including December 31, 2009. [Dkt. # 407, 458, 491, 524, 664, 831 and 957.] On January 10, 2008, the Court entered an Order (the "Settlement Order") approving the Stipulation Amending Final Cash Collateral Order and Containing Settlement Among the Debtor, the Committee, and Sun Bachrach (the "Settlement Stipulation," and together with the Settlement Order and Cash Collateral Order, the "Final Cash Collateral Order"), which amended certain provisions of the Cash Collateral Order to provide for a revised budget for the wind-down of the estate and a revised sharing arrangement between the Committee and Sun Bachrach (and certain Sun Bachrach affiliates) with respect to proceeds to be realized by the estate from, among other things, the adversary proceeding entitled *Bachrach Clothing, Inc. v. Edgar H. Bachrach, et al.*, Adversary Proceeding No. 08 A 00726 (the "Adversary Proceeding").

9. On October 10, 2012, judgment was entered in favor of defendants Edgar Bachrach, Sally Robinson, Barbara James, and Barsaled, LLC (the "Defendants") on all counts asserted in the Adversary Proceeding. On December 5, 2012, the Adversary Proceeding was closed.

10. During the relevant time period, NGE has performed services on behalf of the Committee, including: attending hearings regarding Barsaled, LLC's motion to vacate this Court's Order Modifying Relief Sought by Debtor in the Adversary Proceeding, Defendants' motion for supplemental briefing on the §546(e) issue raised in the Adversary Proceeding, and status hearings; reviewing correspondence related to such motions; reviewing this Court's memorandum opinion in the Adversary Proceeding; preparing fee applications; and communicating with creditors and Cooley LLP regarding the case status and distribution questions.

12. In accordance with the Compensation Order, by this Final Application, NGE now requests the final approval of $106,550.05 for legal services NGE rendered and expenses incurred as counsel to the Committee during the Final Period, which includes $12,129.00 for legal services rendered by NGE during the Interim Period of March 1, 2011 to December 31, 2013. NGE has received payment of $94,421.65 for services rendered through February 28, 2011.

13. All services for which compensation is requested by NGE were performed in connection with the Chapter 11 case, were not services on any other matter, and were in connection with Committee's performance of its duties prescribed by the Bankruptcy Code or necessitated by Order of Court or pleadings filed in the Debtor's Chapter 11 case or the Adversary Proceeding. No compensation to be received by NGE will be shared, and no agreement or understanding exists between NGE and any other person or firm for the sharing of compensation received, or to be received, in connection with the Chapter 11 case.

## OVERVIEW OF SERVICES RENDERED

14. During the Interim Period, NGE has rendered legal services on various matters as local counsel as requested by the Committee primarily focused on drafting, filing and serving

- 4 -

NGEDOCS: 2141995.1

pleadings, advising and representing the interests of the Committee at various court proceedings, and responding to creditor questions regarding the case status.

## APPLICABLE AUTHORITY

15. NGE requests compensation of its professional services rendered as local counsel for the Committee for the Interim Period. Pursuant to 11 U.S.C. § 330, the court may award reasonable compensation for actual, necessary services provided by professionals, who have been employed under 11 U.S.C. § 327. *See In re Colin*, No. 05-58014, 2006 WL 2385272 *1 (Bankr. N.D. Ill., August 15, 2006). NGE was employed under Section 327 of the Bankruptcy Code as authorized by this Court. NGE asserts that the fees it seeks constitute reasonable compensation for the actual, necessary and reasonable legal services rendered by NGE in accordance with Section 330 of the Bankruptcy Code.

16. The courts in this district have adopted the factors cited in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) in determining whether the fees requested by professionals are actual, necessary and reasonable to a debtor's estate. *See In re Palladino*, 267 B.R. 825, 830-31 (Bankr. N.D. Ill. 2001). The twelve *Johnson* factors are:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Id.* at 831 (citing *Johnson*, 488 F.2d at 717-719). Based on these factors, NGE is entitled to compensation for the services rendered to the Committee during the Interim Period, as further described herein.

## CATEGORIES OF SERVICES RENDERED

17. As required by the rules and decisions enunciated by courts in this district, NGE has reviewed its time entries and endeavored to separately place such entries into discrete billing categories, grouped by the objective which the services were performed to achieve.  NGE has segregated the services rendered by its partners, associates, paralegals, and other staff members into five (5) matters:  (A) Court Appearances; (B) Case Administration; (C) Review of Filings; (D) Fee Applications; and (E) Communications with Creditors.  Attached hereto and incorporated herein as **Exhibit A** are the daily time entries of NGE for the legal services rendered during the Interim Period of March 1, 2011 through December 31, 2013 on each such matter.  A summary of the legal fees incurred on each such matter is as follows:

**A.** **Court Appearances.**  NGE has attended numerous hearings on behalf of the Committee dealing with all facets of the Debtor's bankruptcy, including but not limited to the Seventh Fee Application of NGE, motions to continue use of cash collateral, motions in the Adversary Proceeding, and general status hearings.  NGE was able to attend these hearings and represent the Committee at substantially less cost than would have been incurred had the Committee's primary counsel in New York been required to attend the hearings.

**Legal Fees**

| Attorney/Para-Professional | Position | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Jason A. Frye | Associate | $345 | 1.3 | $448.50 |
| Jason A. Frye | Associate | $395[2] | 1.3 | $513.50 |
| Jason A. Frye | Associate | $405 | 2.8 | $1,134.00 |
| Nicholas M. Miller | Partner | $450 | 1.0 | $450.00 |
|  |  |  |  |  |
| Total: |  |  | 6.4 | $2,546.00 |

---

[2] NGE increased the hourly rates of certain attorneys on January 1, 2012 and January 1, 2013.

- 6 -

NGEDOCS: 2141995.1

B. **Case Administration**. NGE reviewed pleadings and correspondence and consulted and/or advised primary counsel with respect to various actions taken and pleadings filed by the Debtor in connection with the Debtor's financial affairs and the administration of the Debtor's estate, as well as the Adversary Proceeding.

**Legal Fees**

| Attorney/Para-Professional | Position | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Katherine D. Vega | Partner | $510 | 0.2 | $102.00 |
| Katherine D. Vega | Partner | $540 | 0.2 | $108.00 |
| Jason A. Frye | Associate | $395 | 1.7 | $671.50 |
| Jason A. Frye | Associate | $405 | 1.3 | $526.50 |
| R.S. Johnson | Docket Clerk | $125 | 0.4 | $50.00 |
| | | | | |
| Total: | | | 3.8 | $1,458.00 |

C. **Review of Filings**. NGE reviewed numerous pleadings filed by the Debtor and various creditors or other parties in preparation for attending the court hearings in place of the Committee's primary counsel.

**Legal Fees**

| Attorney/Para-Professional | Position | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Jason A. Frye | Associate | $345 | 1.5 | $517.50 |
| Jason A. Frye | Associate | $395 | 5.7 | $2,251.50 |
| Jason A. Frye | Associate | $405 | 1.1 | $445.50 |
| Katherine D. Vega | Partner | $510 | 0.2 | $102.00 |
| Katherine D. Vega | Partner | $540 | 0.2 | $108.00 |
| Nicholas M. Miller | Partner | $450 | 0.7 | $315.00 |
| R.S. Johnson | Docket Clerk | $125 | 0.4 | $50.00 |
| | | | | |
| Total: | | | 9.80 | $3,789.50 |

D. **Fee Application**. NGE has reviewed bills to ensure accuracy and compliance with local rules. NGE prepared and served its Seventh Interim Fee Application. During the preparation of this Final Application, adjustments have been

- 7 -

made to time recorded and expenses incurred as set forth in the monthly statements to more accurately reflect NGE's records and to account for billing adjustments for duplicative or erroneous time and expenses. NGE has prepared this application for its compensation and reimbursement of expenses as local counsel for the Creditors Committee for the period from March 1, 2011 through December 31, 2013.

**Legal Fees**

| Attorney/Para-Professional | Position | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Jason A. Frye | Associate | $345 | 4.8 | $1,656.00 |
| Jason A. Frye | Associate | $395 | 1.5 | $592.50 |
| Jason A. Frye | Associate | $405 | 1.1 | $445.50 |
|  |  |  |  |  |
| Total: |  |  | 7.4 | $2,694.00 |

E.  **Communications with Creditors**. NGE responded to questions from creditors relating to the status of the Adversary Proceeding and distribution issues.

**Legal Fees**

| Attorney/Para-Professional | Position | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Jason A. Frye | Associate | $345 | 1.2 | $414.00 |
| Jason A. Frye | Associate | $395 | 2.8 | $1,106.00 |
| Jason A. Frye | Associate | $405 | 0.3 | $121.50 |
|  |  |  |  |  |
| Total: |  |  | 4.3 | $1,641.50 |

## EXPENSES

18. NGE did not incur any expenses during the Interim Period.

## ATTORNEYS INVOLVED

19. The majority of the tasks performed and services rendered to the Committee have been provided by the following attorneys at NGE:

- 8 -

NGEDOCS: 2141995.1

(a)     Katherine D. Vega was a partner in NGE's Litigation and Financial Restructuring and Bankruptcy practice groups.  Ms. Vega is a 1998 graduate of Northwestern University School of Law.

Since 1998, Ms. Vega has devoted her practice to bankruptcy, reorganization, and commercial litigation matters.  She has represented parties in all facets of bankruptcy proceedings and out-of-court workouts, including secured creditors, sub-debt holders, debtors, asset purchasers, trustees, lessors, franchisors, and creditors' committees.  The scope of Ms. Vega's practice includes representing clients before the United States Bankruptcy Courts on matters pending in northern Illinois and throughout the country.

(b)     Nicholas M. Miller is a partner in NGE's Financial Restructuring and Bankruptcy practice group.  Mr. Miller is a 1998 graduate of the Cleveland-Marshall College of Law.

Since 1998, Mr. Miller has devoted his practice to general insolvency matters and distressed asset sales. He also has extensive experience with public and private debtor-side representations and large and complex restructurings in a wide variety of industries, including health care, financial services, real estate, retail, automotive, steel, manufacturing, media, broadband communications and electronic imaging technology. Mr. Miller also has experience representing secured lenders, bondholders, receivers, assignees, indenture trustees and official committees of unsecured creditors in chapter 11 proceedings and defending trade creditors in preference actions brought by debtors and trustees. Mr. Miller has been certified as a Business Bankruptcy Specialist by the American Board of Certification.

(c) Jason A. Frye is an associate in NGE's Litigation, Financial Restructuring and Bankruptcy, and Insurance Policyholder practice groups. Mr. Frye is a 2007 graduate of The John Marshall Law School.

Since 2007, Mr. Frye Jason has devoted his practice to a broad range of complex litigation matters, including contract disputes, commercial lease disputes, business torts, fiduciary duty claims, fraudulent conveyance actions, complex insurance coverage disputes, contested commercial foreclosures, and disputes arising under the bankruptcy code and the uniform commercial code. The scope of Mr. Frye's practice includes representing clients before the United States Bankruptcy Courts on matters pending in northern Illinois and throughout the country.

20. The reasonable value of the services rendered by NGE and expenses incurred in providing legal services to the Committee from March 1, 2011 through December 31, 2013, is $12,129.00, considering the difficulty of the questions presented, the skill required to perform the legal services properly, the customary fees charged in similar matters, the experience and abilities of the attorneys involved, and the interests of Creditors to be protected.

## **NOTICE**

21. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) counsel to the Debtor's secured lenders; and (d) parties requesting notice in this case. In light of the nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, NGE respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, NGE requests that this Court enter an order:

A.  Allowing NGE final compensation in the amount of $12,129.00 for legal services for the Interim Period from March 1, 2011 through December 31, 2013;

B.  Allowing NGE final allowance of compensation and reimbursement of expenses in the total amount of $106,550.05 during the Final Period of June 6, 2012 through December 31, 2013;

C.  Authorizing and directing the Debtor to pay to NGE $12,129.00;

D.  Waiving other and further notice of the hearing with respect to this Final Application; and

E.  Granting to NGE such other relief as this Court deems just and appropriate under the circumstances.

Dated: January 8, 2014

Respectfully submitted,

NEAL, GERBER & EISENBERG, LLP

By:   */s/* Jason A. Frye
      One of Its Attorneys

Jason A. Frye (ARDC #6292848)
NEAL, GERBER & EISENBERG, LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602-3801
(312) 269-8000

- 11 -