## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 06 B 6525 |
| BACHRACH CLOTHING, INC., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 11, 2014 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Bachrach Clothing, Inc. |
| Date of Order Authorizing Employment: | June 13, 2006, retroactive to June 6, 2006 |
| Period for Which Compensation is Sought: | August 1, 2011 through January 15, 2014 and final allowance of all previously allowed fees and expenses |
| Amount of Fees Sought: | $53,218.50 |
| Amount of Expense Reimbursement Sought: | $810.71 |
| This is a(n): | ☐ Interim Application        ☒ Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 11/27/06 | 6/6/06 - 10/31/06 | $476,908.43 | $475,814.74 | $1,093.69 |
| 7/11/07 | 11/1/06 - 5/31/07 | $166,795.19 | $166,795.19 | $0.00 |
| 11/21/07 | 6/1/07 – 10/31/07 | $68,580.38 | $44,000.00 | $24,580.38 |
| 1/3/08 | 6/1/07 – 10/31/07 | $24,580.38 | $24,580.38 | $0.00 |
| 7/24/08 | 11/1/07 – 6/30/08 | $76,130.96 | $72,679.46 | $3,451.50 |
| 3/6/09 | 7/1/08 – 1/31/09 | $212,718.82 | $212,708.82 | $0.00 |
| 3/25/10 | 2/1/09 – 2/28/10 | $338,101.90 | $337,603.15 | $498.75 |
| 9/9/11 | 3/1/10 – 7/31/11 | $611,569.84 | $606,459.34 | $5,110.50 |

Pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals dated July 6, 2006, the aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is **$1,724,181.66**

| | |
|---|---|
| Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Date:   January 17, 2014 | By: _____ /s/  Allen J. Guon _____ |

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 06-06525 |
| BACHRACH CLOTHING, INC., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:   February 11, 2014 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

**NOTICE OF MOTION**

TO:      **Attached Service List**

     **PLEASE TAKE NOTICE** that on **February 11, 2014 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Pamela S. Hollis,** Bankruptcy Judge, in Courtroom 644 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Final Application of Shaw Fishman Glantz & Towbin LLC as Counsel to the Debtor for Allowance of Compensation and Reimbursement of Expenses and Related Relief,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings,

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

                    Robert M. Fishman (#3124316)
                    Allen J. Guon (#6244526)
                    Shaw Fishman Glantz & Towbin LLC
                    321 North Clark Street, Suite 800
                    Chicago, Illinois 60610
                    (312) 541-0151  telephone
                    (312) 980-3888  facsimile

**CERTIFICATE OF SERVICE**

     Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon all parties indicated on the electronic filing receipt by operation of the Court's electronic filing system and upon the attached service list by electronic mail, unless otherwise indicated, on this 17th day of January, 2014.

                      /s/ Allen J. Guon

**Electronic Mail Notice List for Case 06-06525**

- Howard L. Adelman    hla@ag-ltd.com
- David A Agay    dagay@mcdonaldhopkins.com,
  mbrady@mcdonaldhopkins.com,lburrell@mcdonaldhopkins.com;bkfilings@mcdonaldho
  pkins.com
- R Scott Alsterda    rsalsterda@uhlaw.com
- Janice A Alwin    janice@oakpointpartners.com,
  jake@oakpointpartners.com;david@oakpointpartners.com
- George P Apostolides    gpapostolides@arnstein.com, jbmedziak@arnstein.com
- Thomas V Askounis    taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Terence G Banich    tbanich@shawfishman.com, kbobb@shawfishman.com
- Kori M Bazanos    kbazanos@rolaw.net
- Ryan B. Bennett    rbennett@kirkland.com
- William D Brejcha    wdbrejcha@scopelitis.com,
  mweiland@scopelitis.com;ddevitt@scopelitis.com;rzivat@scopelitis.com;jdimitry@scop
  elitis.com;gostendorf@scopelitis.com;rhenry@scopelitis.com;asmedstad@scopelitis.com
- Andrew S. Conway    aconway@taubman.com, aconway@taubman.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Dennis A Dressler    ddressler@dresslerpeters.com
- Heather M Durian    durianh@michigan.gov
- Wendy N. Epstein    wepstein@kirkland.com,
  fsramek@kirkland.com;sseeger@kirkland.com
- Adam S. Fayne    fayne@wildmanharrold.com
- Charles J. Filardi    charles@filardi-law.com, abothwell@filardi-law.com
- Robert M Fishman    rfishman@shawfishman.com, kjanecki@shawfishman.com
- Jason Frye    jfrye@ngelaw.com
- Vipin R Gandra    vipingandra@yahoo.com
- Jeffrey L. Gansberg    gansberg@live.com, nsulak@muchshelist.com
- Chad H. Gettleman    cgettleman@ag-ltd.com
- Brian M. Graham    bmgrahampack@sbcglobal.net
- Mark B Grzymala    mgrzymala@rolaw.net, grzymala@gmail.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- Timothy M Howe    tim@chicagolaw.biz
- Steve Jakubowski    sjakubowski@rsplaw.com, docketing@rsplaw.com
- Synde B. Keywell    synde.keywell@bryancave.com, jthomas@nslaw.net
- Jeremy C Kleinman    jkleinman@fgllp.com, ccarpenter@fgllp.com
- Ean L Kryska    ean.kryska@abm.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Thomas J Leanse    thomas.leanse@kattenlaw.com,
  brian.huben@kattenlaw.com;carole.levine@kattenlaw.com
- Mark E Leipold    mleipold@gouldratner.com,
  srodriguez@gouldratner.com;lgray@gouldratner.com
- Micah Marcus    mmarcus@kirkland.com,
  kmaze@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com
- Edward S. Margolis    emargolis@tellerlevit.com

- Joy E Mason    jlevy@ebg-law.com
- Henry B. Merens    hbm@ag-ltd.com
- Robert D Nachman    robert.nachman@bfkn.com,
  jean.montgomery@bfkn.com;mark.mackowiak@bfkn.com
- David A. Newby    dnewby@comananderson.com, tmaurer@comananderson.com
- Michelle G Novick    mgnovick@arnstein.com, lcsolomon@arnstein.com
- Louis J Phillips    lphillips@pfs-law.com, msiedlecki@pfs-law.com
- Robert Radasevich    rradasevich@ngelaw.com, igarcia@ngelaw.com
- Mark L Radtke    mradtke@shawfishman.com, bharrington@shawfishman.com
- Sara G Rajan    srajan@starkreagan.com
- Elizabeth E Richert    erichert@colemanlawfirm.com, dmueller@colemanlawfirm.com
- Peter J Roberts    proberts@shawfishman.com
- Patrick F Ross    pfross@uhlaw.com, kburde@uhlaw.com;rjanczak@uhlaw.com
- Nathan Q. Rugg    nrugg@ag-ltd.com, lhope@ag-ltd.com
- Michael M Schmahl    mschmahl@mcguirewoods.com,
  docket@mcguirewoods.com;cgunderson@mcguirewoods.com
- Eileen M Sethna    esethna@chuhak.com, rsaldivar@chuhak.com
- John P Sieger    john.sieger@kattenlaw.com
- George J. Spathis    gspathis@hmblaw.com,
  lvalenti@hmblaw.com,kbates@hmblaw.com,bkatranis@hmblaw.com
- Miriam R. Stein    mstein@chuhak.com, kgord@chuhak.com
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov
- David A Strauss    dstrauss@kingkrebs.com
- Pia N Thompson    pthompson@gouldratner.com, bburns@gouldratner.com
- Michael Traison    traison@millercanfield.com,
  wysocki@millercanfield.com,swansonm@millercanfield.com
- Katherine D Vega    kvega@ngelaw.com
- Lindsay E Wilson Gowin    lwgowin@uhlaw.com, lmorris@uhlaw.com
- Andrew L. Wool    wool@chapman.com
- Peter J Young    pyoung@winston.com
- Daniel A Zazove    docketchi@perkinscoie.com

**Bachrach Clothing, Inc. Service List**
**Master Service List & Committee Members**
**(Service Via Electronic Mail, Unless Otherwise Indicated)**

Office of the U.S. Trustee
219 S. Dearborn St., 8th Floor
Chicago, IL  60604
Phone:   (312) 886-7480
Fax:       (312) 886-5794
Steve.G.Wolfe@usdoj.gov

Larry Schechterman
1000 Urlin Ave., Apt. 606
Grandview Heights, OH  43212
lschech@mac.com

Gerald Woelcke
Sun Bachrach, LLC
5200 Town Center Circle, Suite 470
Boca Raton, FL  33486
Phone:  (561) 962-3490
Fax:      (561) 394-0540
gwoelcke@suncappart.com

Pat LeVardi
Craig Morrison
Bachrach Acquisition, LLC
One Bachrach Court
Decatur, IL  62526
plevardi@bachrach.com
cmorrison@bachrach.com

Donald Rothman *(Counsel to LaSalle Bank)*
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA  02108
Phone:  (617) 880-3556
Fax:      (617) 880-3456
drothman@riemerlaw.com

James A. Stempel
Matthew M. Wawrzyn *(Sun Capital
Bachrach, LLC)*
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL  60601
Phone:  (312) 861-2440
Fax:      (312) 861-2200
jstempel@kirkland.com
mwawrzyn@kirkland.com

James Cullen
Chris Tomas
Alex Smith
Alliance Management, Inc.
601 Carlson Pkwy., Ste. 110
Minneapolis, MN  55305
Phone:  (952) 475-2236
Fax:      (952) 475-2224
jcullen@alliancemgmt.com
ctomas@alliancemgmt.com
asmith@alliancemgmt.com

Edgar H. Bachrach
1555 Astor St., #15W
Chicago, IL  60610
Fax:      (484) 902-7311
edbachrach@aol.com

Lawrence C. Gottlieb *(Counsel to the
Official Committee of Unsecured Creditors)*
Cathy R. Hershcopf
Jeffrey L. Cohen
Law Offices of Cooley, Godward, Kronish
1114 Avenue of the Americas
New York, NY  10036
Phone:  (212) 479-6000
Fax:      (212) 479-6275
lgottlieb@cooley.com
chershcopf@cooley.com
jcohen@cooley.com

Ms. Alisa Rothstein (C*ommittee Member*)
57th & 5th
730 5th Ave. Suite 503
New York, NY 10019
Phone: (212) 842-9938
Fax:     (212) 765-1101
alisar@57-5.com

James J. Ammeen
Neil Goldberg (C*ommittee Members*)
73 Gould St., #75B
Bayonne, NJ  07002
Phone: (201) 858-2884
Fax:     (201) 858-0028
jamesa@neema.com
neilg@neema.com

Jan McBroom
Edward J. Upbin (C*ommittee Members*)
Kellwood Distribution Division
600 Kellwood Parkway, Suite 200
Chesterfield, MO  63017
Phone: (314) 576-8506
Fax:     (866) 530-4870
jan.mcbroom@kellwood.com
edward_upbin@kellwood.com

Mr. Nuno Guerreiro (*Committee Member*)
Maconde Confeccoes II e Comercial e
Industria, S.A.
Rua 5 de Outubro, 2148
4481-941 Vilo do Conde, PORTUGAL
EUROPE
nuno.guerreiro@maconde.pt

Gary L. Schacht (*Committee Member*)
Store Kraft
500 Irving St.
Beatrice, NE  68310
Phone: (402) 223-2348
Fax:     (402) 223-1268
Gary_Schacht@storekraft.com

Ronald M. Tucker (*Committee Member*)
Simon Property Group, L.P.
115 W. Washington St.
Indianapolis, IN  46204
Phone: (317) 263-2346
Fax:     (317) 263-7901
rtucker@simon.com

Samuel B. Garber (*Committee Member*)
Assistant General Counsel
General Growth Management, Inc., as Agent
110 N. Wacker Dr.
Chicago, IL  60606
Phone: (312) 960-5079
Fax:     (312) 960-6373
sam.garber@generalgrowth.com

Dennis B. Black
Keith A. Sigale
Goldberg Kohn Bell Black
   Rosenbloom & Moritz Ltd.
55 E. Monroe St., Suite 3700
Chicago, IL  60603
Phone: (312) 201-4000
Fax:     (312) 332-2196
dennis.black@goldbergkohn.com
keith.sigale@goldbergkohn.com

Edward C. Dolan
Hogan & Hartson L.L.P.
Columbia Square
555 Thirteenth St., NW
Washington, D.C.  20004-1109
Phone: (202) 637-5677
Fax:     (202) 637-5910
ecdolan@hhlaw.com

Jeffrey Kurtzman
Klehr, Harrison, Harvey,
   Branzburg & Ellers LLP
260 S. Broad St.
Philadelphia, PA  19102
Phone: (215) 569-4493
Fax:     (215) 568-6603
jkurtzma@klehr.com

Laura S. Huseby
Shari L. Friedman
Marwedel, Minichello & Reeb, P.C.
10 S. Riverside Plaza, Suite 720
Chicago, IL  60606
Phone: (312) 902-1600
Fax:     (312) 902-9900
lhuseby@mmr-law.com
sfriedman@mmr-law.com

David L. Pollack
Jeffrey Meyers
Dean Waldt
Ballard Spahr Andrews & Ingersoll, LLP
Mellon Bank Center, 51st Floor
1735 Market St.
Philadelphia, PA  19103
Phone: (215) 864-8325
Fax:     (215) 864-9473
pollack@ballardspahr.com
meyers@ballardspahr.com
waldtd@ballardspahr.com

James H. Billingsley
Hughes & Luce, LLP
1717 Main St., Suite 2800
Dallas, TX  75201
Phone: (214) 939-5500
Fax:    (214) 939-5849
james.billingsley@hughesluce.com

Fred B. Ringel
Robinson Brog Leinwand Greene Genovese
& Gluck P.C.
1345 Avenue of the Americas
New York, NY  10105
Phone: (212) 586-4050
fbr@robinsonbrog.com

Mark P. Naughton
Great American Group
Nine Parkway North, Suite 300
Deerfield, IL  60015
Phone: (847) 444-1400
Fax:    (847) 444-1401
mnaughton@greatamerican.com

Henry G. Swergold
Platzer, Swergold, Karlin, Levine, Goldberg
& Jaslow, LLP
1065 Avenue of the Americas
New York, NY  10018
Phone: (212) 593-3000
Fax:    (212) 593-0353
hswergold@platzerlaw.com

Nancy F. Loftus
Assistant County Attorney
Department of Tax Administration
Fairfax County, Virginia
Suite 549
12000 Government Center Parkway
Fairfax, VA  22035
Phone: (703) 324-2421
Fax:    (703) 324-2665
nancy.loftus@fairfaxcounty.gov

Gary L. Roddy
Senior Director of Collections
CBL & Associates Management, Inc.
CBL Center, Suite 500
2030 Hamilton Place Blvd.
Chattanooga, TN  37421-6000
Phone: (423) 855-0001
Fax:    (423) 490-8619
gary_roddy@cblproperties.com

Lori Winkelman
Quarles & Brady LLP
Renaissance One
2 N. Central Ave.
Phoenix, AZ  85004-2391
Phone: (602) 229-5200
Fax:    (602) 229-5690
lwinkelm@quarles.com

John L. Horan
Cline Williams Wright Johnson & Oldfather
1900 U.S. Bank Building
233 S. 13th St.
Lincoln, NE  68508
Phone: (402) 474-6900
Fax:    (402) 474-5393
jhoran@clinewilliams.com

Timothy Bortz
Bankruptcy Representative
Commonwealth of Pennsylvania
Department of Labor and Industry
Harrisburg Bankruptcy &
   Compliance Office
333 Market St., 16th Floor
Harrisburg, PA  17101-2235
Phone: (717) 772-0636
tbortz@state.pa.us

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX  75201
Phone: (214) 880-0089
Fax:    (214) 253-2558
dallas.bankruptcy@publicans.com

John P. Dillman
c/o Linebarger Goggan Blair &
  Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064
Phone: (713) 844-3478
Fax:    (713) 844-3503
Houston_bankruptcy@publicans.com

Gilbert B. Weisman
American Express Travel Related Services
Co. Inc.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA  19355-0701
notices@becket-lee.com

Christine Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Rd.
P.O. Box 13708
Macon, GA  31208-3708
Phone: (478) 405-4001
christine.etheridge@ikonfin.com

Dana L. Kurtz
Nicole A. Lindemyer
Kurtz Law Offices, LLC
414 S. State St.
Lockport, IL  60441
Phone: (815) 838-0968
Fax:    (312) 893-2239
dkurtz@kurtzlaw.us
nlindemyer@kurtzlaw.us

Neil Herskowitz
Riverside Claims
2109 Broadway, Ste. 206
New York, NY  10023
Phone: (212) 501-0990
Fax:    (212) 501-7088
neil@regencap.com

Tennessee Department of Revenue
c/o Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN  37202-0207
Phone: (615) 532-2504
Fax:    (615) 741-3334
icillinois@state.tn.us

Michael A. Cox
State of Michigan
Department of Treasury
P.O. Box 30754
Lansing, MI  48909
Phone: (517) 373-3203
MikeCox@michigan.gov

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 06-06525 |
| BACHRACH CLOTHING, INC., | ) | Hon. Pamela S. Hollis |
|  | ) | Hearing Date:    February 11, 2014 |
| Debtor. | ) | Hearing Time:    10:00 a.m. |

### FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS COUNSEL TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND RELATED RELIEF

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, FED. R. BANKR. P. 2002(a)(6), (i), 2016(a) and 9007 and Local Bankruptcy Rule 5082-1 for (i) the final allowance of **$53,218.50** in compensation for **147.30** hours of professional services rendered as counsel to Bachrach Clothing, Inc. ("Debtor") for the period beginning August 1, 2011 through and including January 15, 2014 ("Application Period"), and the reimbursement of **$810.71** for actual expenses incurred incident to those services, (ii) final approval of all compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis ("Final Application"); and (iii) payment of all finally allowed compensation and expense reimbursement.  In addition, Shaw Fishman requests that further notice of the hearing on this Final Application be waived.  In support of this Final Application, Shaw Fishman states as follows:

### BACKGROUND

1.      On June 6, 2006 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since then, the Debtor has remained in possession of its assets and has continued to manage its assets as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.  The Debtor has substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.    On June 12, 2006, the Office of the United States Trustee ("UST") appointed an official committee of unsecured creditors ("Committee") in the Debtor's case.

3.    This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

## RETENTION OF SHAW FISHMAN

4.    Shortly after the Petition Date, the Debtor applied to this Court for an order approving the retention of Shaw Fishman as its general bankruptcy counsel in connection with this chapter 11 case.  (Dkt. # 22).  On June 13, 2006, the Court approved the retention of Shaw Fishman as counsel to the Debtor effective as of the Petition Date, under the terms set forth in the application ("Retention Order").  (Dkt. # 42).  On July 6, 2006, the Court entered an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals ("Compensation Order").  (Dkt. # 137).

## GENERAL STATUS OF THE CASE

5.    The Debtor is a privately-held Illinois corporation with its corporate headquarters located in Chicago.  Prior to the Petition Date, the Debtor was a high-end specialty men's clothing merchandiser with 47 retail stores located throughout the United States and a primary cluster of stores located in the Midwest.  In addition to its retail store operations, the Debtor also operated a catalog and internet business.  In 2005, the Debtor generated total revenues of approximately $81 million.

6.    Prior to the Petition Date, the Debtor financed its operations through a revolving credit facility established pursuant to a loan and security agreement (as amended, the "LaSalle Prepetition Credit Agreement") with LaSalle Retail Finance, a Division of LaSalle Business

Credit LLC ("LaSalle").  The Debtor pledged all or substantially all of its assets as security under the LaSalle Prepetition Credit Agreement.  As of the Petition Date, the principal balance that the Debtor owed under the LaSalle Prepetition Credit Agreement was approximately $4,900,000, plus any amounts owed in connection with outstanding letters of credit issued by LaSalle for the Debtor's benefit.

7.      In addition to its LaSalle secured obligations, as of the Petition Date, the Debtor also owed approximately $5,000,000, plus interest, fees and costs, on a secured basis, to Sun Bachrach LLC ("Sun Bachrach").[1]  Sun Bachrach is the assignee of Harris N.A. ("Harris") in connection with a certain loan authorization agreement between Harris and the Debtor dated as of July 12, 2005 (as amended, the "Harris Loan Agreement") and whereby Harris made a $2 million secured loan to the Debtor.  On or about March 3, 2006, Sun Bachrach made an additional $3 million advance to the Debtor pursuant to the Harris Loan Agreement.  The Debtor pledged all or substantially all of its assets as security under the Harris Loan Agreement.  Sun Bachrach's secured claim is subject to a certain Subordination Agreement ("Intercreditor Agreement") among the Debtor, LaSalle (as Agent), Harris, and BCHC.

8.      Although the Debtor had explored other restructuring and financing alternatives, it ultimately decided to sell its assets through a bankruptcy.  The Debtor retained Alliance Management, Inc. ("Alliance") as its management consultant and financial advisor to, among other things, assist in marketing the Debtor's assets and evaluate any and all purchase offers for those assets.

---

[1] Sun Bachrach is the 92.5% shareholder of Bachrach Clothing Holding Corp. ("BCHC").  BCHC is the 100% shareholder of the Debtor.  In addition to Sun Bachrach's $5 million (in principal) secured claim against the Debtor, Sun Bachrach holds an additional unsecured claim against the Debtor in the principal amount of $1.5 million.

9.      After conducting an auction on June 29 and 30, 2006, the Debtor selected a joint venture comprised of Great American Group LLC ("Great American"), Hudson Capital Partners, LLC and Bachrach Acquisition, LLC ("BAC") as the successful bidder (the "Joint Venture") for the purchase of the Debtor's operating assets ("Assets").

10.      On July 10, 2006, the Court entered an order that authorized the Debtor to sell the Assets to the Joint Venture pursuant to the parties' Agency Agreement and Addendum ("Sale Agreement").  The Debtor and the Joint Venture closed the sale of the Assets on July 14, 2006. The total consideration paid by the Joint Venture to the Debtor was $10,860,987, which represented a sale of 87.22% of the book cost of the Assets sold.

11.      The Debtor has continued to wind down its operations pursuant to the terms of the Amended Final Agreed Stipulation and Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection entered by the Court on June 27, 2006 ("Cash Collateral Order"), pursuant to which the Debtor is authorized to use cash collateral subject to the terms of an approved budget.  (Dkt. # 182).

12.      Since the sale, and with the assistance of its professionals, the Debtor has, among other things, (i) assumed and assigned various executory contracts and unexpired leases to BAC; (ii) rejected numerous executory contracts and unexpired nonresidential real property leases; (iii) terminated its remaining employees; (iv) terminated its employee benefit programs; (v) collected its accounts receivable; (vi) filed over 90 preference actions; (vii) pursued causes of action against the Debtor's former owners; (viii) addressed a multitude of other issues related to the wind down of its business operations.

13.      On January 9, 2013, the Debtor, the Committee and Sun Bachrach filed the *Joint Motion of the Debtor, Sun Bachrach, LLC and the Official Committee of Unsecured Creditors*

*for Entry of an Order (1) Approving Further Use of Cash Collateral; (2) Dismissing the*

*Debtor's Chapter 11 Case Pursuant to Sections 105(a), 305(a) and 1112(b) of the Bankruptcy*

*Code and (3) Granting Related Relief* ("Dismissal Motion").  In the Dismissal Motion, the

movants seek the entry of an order that approves the further use of Sun Bachrach's cash

collateral to pay outstanding administrative expenses (including the satisfaction of unpaid

professional fee claims at an agreed-upon, reduced amount for certain professionals) and

provides for the dismissal of the Debtor's chapter 11 case.

### SERVICES RENDERED BY SHAW FISHMAN – GENERALLY

14.     Throughout the Application Period, Shaw Fishman rendered in excess of 147.30

hours of legal and paralegal services to the Debtor, having an aggregate value of $53,218.50 for

an average hourly rate of approximately $361.  All of the services for which compensation is

requested were services that, in Shaw Fishman's billing judgment, were necessarily rendered

after due consideration of the expected costs and anticipated benefits of such services.  Atttached

hereto as Exhibit 1, is the detailed statement ("Statement") [2] of the services rendered by Shaw

Fishman's professionals, listing descriptions of the particular services rendered, the amount of

time spent on each task, and the billing rates, as well as expenses incurred incident to those

services.

15.     In an effort to provide the Court and parties in interest with understandable

information concerning the amount and nature of Shaw Fishman's services during the

Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has

classified its services into nine (9) separate categories.  The following list summarizes general

---

[2]  For the Court's convenience, Shaw Fishman has provided all of the time entries for the Application Period in a
single consolidated statement rather than in 30 individual monthly invoices.

categories of service provided by Shaw Fishman, together with the total amount of time spent

and the total fees requested:

| Category | Description | Total Hours | Total Fees Incurred |
|---|---|---|---|
| 1 | Bachrach Family and Related Claims | 15.50 | $ 6,341.00 |
| 2 | Case Administration | 34.30 | $ 13,239.00 |
| 3 | Cash Collateral/DIP Financing | 13.90 | $ 5,946.50 |
| 4 | Creditors and Claims | 39.50 | $ 9,925.50 |
| 5 | Ed Bachrach v. Sun and Related Claims Objection | 3.60 | $ 1,662.00 |
| 6 | Fee Applications | 22.20 | $ 9,273.00 |
| 7 | Plan | 0.70 | $ 304.50 |
| 8 | Preferences | 17.50 | $ 6,485.50 |
| 9 | Tax Issues | 0.10 | $ 41.50 |
| | **TOTAL:** | **147.30** | **$ 53,218.50** |

16.     All of the services for which compensation is requested were rendered in

connection with the Debtor's chapter 11 case and related contested matters.  All of the time

described in Exhibit 1 represents the actual amount of time spent or, in certain instances, less

than the actual amount of time spent by attorneys and paralegals of Shaw Fishman who rendered

the described services.  In certain instances, the time reflected in the exhibits has been reduced in

an effort by Shaw Fishman to eliminate excessive, duplicative or, in hindsight, unnecessary or

unproductive services.

**SERVICES RENDERED BY SHAW FISHMAN – BY CATEGORY**

17.     The following is a narrative for each of Shaw Fishman's principal categories of

activities for all categories in which at least $1,000.00 of compensation is requested.[3]

---

[3] The Statement has a detailed description of all Services, by category, regardless of the amount
requested.

## Category 1: Bachrach Family and Related Claims

18.     Shaw Fishman provided 15.50 hours of professional services valued at $6,341.00

in connection with services pertaining to the investigation and trial of the fraudulent conveyance

and breach of fiduciary duty litigation against the Bachrach family related to the prepetition

leveraged buyout of the Debtor ("LBO Claims").  This Court presided over six days of trial on

this matter from September 28 to October 7, 2010.   The services rendered by Shaw Fishman in

this complex and heavily litigated category generally include the following: (a) participating in

conferences and telephone conferences with counsel for the Bachrach family, the Committee,

Sun Bachrach, and/or Alliance regarding the LBO Claims and post-trial issues; (b) preparing for

and attending hearings on two post-trial motions filed by the Bachrach family; and (c) reviewing

and analyzing the Court's memorandum opinion and order regarding the LBO Claims.

## Category 2: Case Administration

19.     Shaw Fishman provided 34.30 hours of professional services valued at

$13,239.00 in connection with services pertaining to the general administration of the Debtor's

case.  The services rendered by Shaw Fishman in this category generally include the following:

(a) participating in telephone conferences, meetings, and/or other activities discussing, analyzing

or otherwise addressing various administrative matters in the case; (b) participating in telephone

conferences with counsel for the UST, the Committee and Sun Bachrach regarding the Dismissal

Motion and the ultimate disposition of the case; (c) attending two hearing on the status of the

case; (d) revising Alliance's seventh interim fee application; (e) preparing RSM McGladrey, Inc.

final fee application as the Debtor's accountant; (f) preparing LECG, Inc.'s final fee application

as the Debtor's consulting and testifying expert; (g) reviewing various monthly interim fee

statements for professionals retained in this case; (h) reviewing and filing the Debtor's monthly

operating reports; and (i) preparing and filing the Debtor's annual reports with the Illinois

Secretary of State.

### Category 3: Cash Collateral/DIP Financing

20.      Shaw Fishman provided 13.90 hours of professional services valued at $5,946.50

in connection with services pertaining to the negotiation, revision and completion of extensions

to the Debtor's postpetition financing.  The services rendered by Shaw Fishman in this category

generally include the following: (a) conducting negotiations and/or discussions with counsel for

the Committee, Sun Bachrach and Alliance concerning the continued use of cash collateral;

(b) reviewing and revising multiple proposed cash collateral budgets.

### Category 4: Creditors and Claims

21.      Shaw Fishman provided 39.90 hours of professional services valued at $7,924.00

in connection with services pertaining to general creditor issues and claims administration.  The

services rendered by Shaw Fishman in this category generally include the following:

(a) responding to telephone inquiries by individual creditors and creditor representatives;

(b) preparing and revising a claims analysis for final claim objections and potential distributions

to administrative and general unsecured creditors.

### Category 5: Ed Bachrach v. Sun and Related Claims Objection

22.      Shaw Fishman provided 3.60 hours of professional services valued at $1,662.00

in connection with services pertaining to Bachrach family's objection to Sun's claims.  The

services rendered by Shaw Fishman in this category generally include: (a) participating in

telephone conferences with counsel for Sun Bachrach regarding Bachrach Family's adversary

proceeding against Sun Bachrach; and (b) reviewing Bachrach Family's response to Sun

Bachrach motion to dismiss the adversary proceeding.

**Category 6: Fee Applications**

23.     Shaw Fishman provided 22.20 hours of professional services valued at $9,273.00 in connection with services pertaining to: (a) reviewing and revising the detailed statement of services rendered by Shaw Fishman from and after July 2011; (b) preparing the monthly fee statements pursuant to the Compensation Order; (c) preparing and presenting Shaw Fishman's seventh interim fee application which sought allowance of approximately $595,000 in compensation; and (d) and preparing the final fee application.

**Category 7: Preferences**

24.     Shaw Fishman provided 17.50 hours of professional services valued at $6,485.50 in connection with the prosecution of preference actions.  The services rendered by Shaw Fishman in this category generally include the following:  (a) preparing for and attending multiple status hearings for all pending preference adversary proceedings; (b) participating in telephone conferences with counsel for the Committee and Sun Bachrach regarding the further prosecution or dismissal of the pending preference adversary proceedings; and (f) preparing and filing dismissal orders for all pending preference adversary proceedings.

**<u>SUMMARY OF SERVICES RENDERED BY PROFESSIONALS</u>**

25.     In summary, the total compensation sought with respect to the nine (9) categories of services set forth above is $53,218.50.  In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| <u>Professional</u> | <u>Position</u> | <u>Hourly Rates</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| Robert M. Fishman | Member | $625 - $675 | 2.60 | $   1,707.50 |
| George J. Spathis | Member | $440 | 0.90 | $      396.00 |
| Allen J. Guon | Member | $395 – $435 | 70.70 | $  20,001.50 |
| Mark L. Radtke | Member | $395 – $435 | 24.80 | $  10,115.50 |
| Gordon E. Gouveia | Member | $370 | 1.70 | $      629.00 |

| Professional | Position | Hourly Rates | Hours | Amount |
|---|---|---|---|---|
| Kimberly A. Bacher | Associate | $330 | 1.10 | $       363.00 |
| Marc S. Reiser | Associate | $290 | 11.10 | $     1,102.00 |
| Marylynne Schwartz | Associate | $265 - $285 | 2.50 | $       684.50 |
| David R. Doyle | Associate | $265 | 0.50 | $       132.50 |
| Patricia Fredericks | Paralegal | $190 - $200 | 1.70 | $       331.00 |
| Melissa A. Westbrook | Paralegal | $185 - $200 | 29.70 | $     4,937.50 |
| | | **TOTAL:** | **147.30** | **$53,218.50** |

26.     The hourly rates charged by Shaw Fishman with respect to the Debtor's case are comparable to rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtor in connection with this case.  Further, the amount of time spent by Shaw Fishman with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the estate.

27.     Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Debtor.  In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time.  This complex case has at times required the services and appearance in Court of multiple attorneys with expertise in circumscribed and discrete parts of the case.  Without the presence of the additional attorneys, the Debtor would not have been able to adequately present those motions or fully respond to objections or questions raised at the hearings.  Similarly, on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the case.  To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

28.     The issues presented by the Debtor's case have been legally and factually

complex, and the amounts at stake significant.  Given the criteria set forth in 11 U.S.C. § 330,

namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged

for such services, (iv) the performance of the services within a reasonable amount of time

commensurate with the complexity, importance and nature of the problem, issue or task

addressed, and (v) the reasonableness of the services based on the compensation charged by

comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman

respectfully submits that the requested interim compensation represents a fair and reasonable

amount that should be allowed in full.

## THE EXPENSES REQUESTED

29.     The actual and necessary costs provided by Shaw Fishman during the Application

Period are also detailed in Exhibit 1.  The requested reimbursement amount for expenses

incurred is **$810.71**.  All of the expenses for which reimbursement is sought are expenses that

Shaw Fishman customarily recoups from all of its clients.

30.     The types of costs for which reimbursement is sought are listed below:

| **Category** | **Amount** |
|---|---|
| Commercial Messenger Delivery (e.g., Metro) | actual cost |
| Online docketing and documents (PACER) | actual cost |
| In-city Transportation (Parking/Taxi) | actual cost |
| Overnight delivery (e.g. Fed Ex) | actual cost |
| Photocopy (In-house) | 10¢ per page |
| Postage | actual cost |
| Telephone conferencing services | actual cost |
| Online Legal Research (Westlaw) | actual cost |
| Secretary of State Filing Fees | actual cost |

31.    The specific expenses incurred during the Application Period for which

reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Commercial Messenger Delivery (e.g., Metro) | $5.66 |
| Online docketing and documents (PACER) | $125.80 |
| In-city Transportation (Parking/Taxi) | $13.00 |
| Photocopy (In-house) | $185.10 |
| Postage | $155.84 |
| Telephone conferencing services | $5.70 |
| Online Legal Research (Westlaw) | $9.61 |
| Secretary of State Filing Fees | $310.00 |
| **TOTAL** | **$810.71** |

32.    All expenses incurred by Shaw Fishman were ordinary and necessary expenses.

All expenses billed to the Debtor were billed in the same manner as Shaw Fishman bills non-

bankruptcy clients.  Further, the expenses for which reimbursement is sought constitute the types

and amounts previously allowed by bankruptcy judges in this and other districts.

## PAYMENTS RECEIVED BY SHAW FISHMAN TO DATE

33.    Pursuant to the Compensation Order, Shaw Fishman submitted monthly invoices

to the Debtor, with copies to parties entitled to notice thereof, for interim compensation and

expense reimbursement, less a twenty percent (20%) holdback of fees.  To date, Shaw Fishman

has received $389.68 in payment of fees and expenses related to the August 2011 fee statement

during the Application Period.

## PREVIOUSLY ALLOWED FEES AND EXPENSES

34.    Shaw Fishman has been allowed the following fees and expenses on an interim

basis (collectively, the "Interim Compensation Orders"):

(a)     On or about December 21, 2006, the Court conducted a hearing on Shaw Fishman's first interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $455,532.00 and reimbursement of expenses in the amount of $20,282.74 ("First Award"). The Debtor has already paid Shaw Fishman the full amount of the First Award.

(b)     On or about July 31, 2007, the Court conducted a hearing on Shaw Fishman's second interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $160,069.25 and reimbursement of expenses in the amount of $6,725.94 ("Second Award"). The Debtor has already paid Shaw Fishman the full amount of the Second Award.

(c)     On or about December 20, 2007, the Court conducted a hearing on Shaw Fishman's third interim fee application. Pursuant thereto, the Court entered an order allowing part of the requested interim compensation in the amount of $40,000.00 and reimbursement of expenses in the amount of $4,000.00 ("Third Award"). The Court also granted Shaw Fishman leave to file a supplemental application to seek approval of the remaining fees sought in the third interim fee application. On January 24, 2008, the Court entered an order allowing supplemental interim compensation in the amount of $23,844 and reimbursement of expenses in the amount of $736.38 ("Supplemental Award"). The Debtor has already paid Shaw Fishman the full amount of the Third Award and the Supplemental Award.

(d)     On or about August 14, 2008, the Court conducted a hearing on Shaw Fishman's fourth interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $70,687.00 (after adjustment for a computational error) and reimbursement of expenses in the amount of $1,992.46 ("Fourth Award"). The Debtor has already paid Shaw Fishman the full amount of the Fourth Award.

(e)     On or about March 26, 2009, the Court conducted a hearing on Shaw Fishman's fifth interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $210,420.00 and reimbursement of expenses in the amount of $2,298.82 ("Fifth Award"). The Debtor has already paid Shaw Fishman the full amount of the Fifth Award.

(f)     On or about April 15, 2010, the Court conducted a hearing on Shaw Fishman's sixth interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $319,226.25 and reimbursement of expenses in the amount of $18,376.90 ("Sixth Award"). The Debtor has already paid Shaw Fishman the full amount of the Sixth Award.

(g)    On or about September 29, 2011, the Court conducted a hearing on Shaw Fishman's seventh interim fee application.  Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $589,783.00 and reimbursement of expenses in the amount of $16,676.34 ("Seventh Award," and together with all prior awards set forth in subparagraphs (a) through (f), the "Previously Allowed Fees and Expenses").  The Debtor has already paid Shaw Fishman $389,600.50 of the Seventh Award leaving an outstanding balance of $216,858.84.

35.    Prior to the Petition Date, the Debtor transferred $162,000 to Shaw Fishman ("Prepetition Retainer") as a partial prepayment to render services in advance of and in connection with the Debtor's bankruptcy case.  After application to services rendered and expenses incurred prior to and after the Petition Date, $50,000.00 of the Prepetition Retainer remains available for the Debtor to apply against Shaw Fishman's postpetition fees and expenses ("Remaining Retainer").  Shaw Fishman will apply the Remaining Retainer to the fees and expenses allowed by this application.

## COMPLIANCE WITH 11 U.S.C. § 504

36.    Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

## NOTICE

37.    Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtor's secured lenders; (c) members of the Committee and its counsel; and (d) parties requesting notice in this case.  In light of costs and burdens of transmitting notice to all of the Debtor's creditors, Shaw Fishman respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to FED. R. BANKR. P. 2002(i) and 9007.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a)   Allows Shaw Fishman the amount of **$53,218.50** in final compensation for services rendered during the Application Period of August 1, 2011 to January 15, 2014;

(b)   Allows Shaw Fishman the amount of **$810.71** in final expense reimbursement for the Application Period of August 1, 2011 to January 15, 2014;

(c)   Approving on a final basis all Previously Allowed Fees and Expenses awarded by this Court on an interim basis pursuant to the Interim Compensation Orders;

(d)   Authorizes Shaw Fishman to apply the Remaining Retainer to all finally allowed compensation and expense reimbursement;

(e)   Authorizes and directs the Debtor to pay Shaw Fishman the unpaid balance of the fees and expenses awarded herein, less any reduction agreed to by Shaw Fishman as set forth in the Dismissal Motion;

(f)   Waives other and further notice of the hearing with respect to this Application; and;

(g)   Provides such additional relief as may be just and equitable under the circumstances.

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

Dated:  January 17, 2014                     By:____/s/Allen J. Guon_____
                                                    For the Firm

Robert M. Fishman (#3124316)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile