# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 06 B 6525 |
| BACHRACH CLOTHING, INC., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:    February 11, 2014 |
| Debtor. | ) | Hearing Time:    10:00 a.m. |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | **Alliance Management, Inc.** |
| Authorized to Provide Professional Services to: | Bachrach Clothing, Inc. |
| Date of Order Authorizing Employment: | June 20, 2006, retroactive to June 6, 2006. |
| Period for Which Compensation is Sought: | August 1, 2011 through January 17, 2014 and final allowance of all previously allowed fees and expenses |
| Amount of Fees Sought: | $ 24,333.00 |
| Amount of Expense Reimbursement Sought: | $ 30.43 |

This is a(n):   ☐ Interim Application      ☒ Final Application

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 8/24/06 | Success Fee | $325,830.00 | $325,830.00 | $0.00 |
| 11/27/06 | 6/6/06-10/31/06 | $486,328.14 | $483,543.39 | $2,784.75 |
| 7/11/07 | 11/1/06-5/31/07 | $73,471.34 | $73,471.34 | $0.00 |
| 11/21/07 | 6/1/07-10/31/07 | $17,809.65 | $17,809.65 | $0.00 |
| 8/14/08 | 11/1/07-6/30/08 | $26,338.02 | $26,013.02 | $325.00 |
| 3/26/09 | 7/1/08-1/31/09 | $28,272.23 | $28,272.23 | $0.00 |
| 3/26/10 | 2/1/09-2/28/10 | $44,934.32 | $42,766.00 | $2,168.32 |
| 9/9/11 | 3/1/10-7/31/11 | $41,617.52 | $41,617.52 | $0.00 |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  $1,040,931.15 pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals dated July 6,

| 2006 and Order Approving Application of Alliance Management, Inc. for Allowance and Payment of Success Fee dated August 29, 2006 | |
| --- | --- |
| Applicant: | Alliance Management, Inc. |
| Date:    January 17, 2014 | By: |

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 06-06525 |
| BACHRACH CLOTHING, INC., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:     February 11, 2014 |
| Debtor. | ) | Hearing Time:     10:00 a.m. |

### NOTICE OF MOTION

TO:    **Attached Service List**

 **PLEASE TAKE NOTICE** that on **February 11, 2014 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Pamela S. Hollis,** Bankruptcy Judge, in Courtroom 644 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Final Application of Alliance Management, Inc. as Financial Advisor to the Debtor for Allowance of Compensation and Reimbursement of Expenses and Related Relief,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings,

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

<div style="margin-left:40%">

Robert M. Fishman (#3124316)
Peter J. Roberts (#6239025)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

</div>

### CERTIFICATE OF SERVICE

 Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon all parties indicated on the electronic filing receipt by operation of the Court's electronic filing system and upon the attached service list by electronic mail, unless otherwise indicated, on this 17th day of January, 2014.

<div style="margin-left:40%">

_____
/s/ Allen J. Guon

</div>

{5678 MOT A0364609.DOC 3}

## CERTIFICATE OF SERVICE

Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon all parties indicated on the electronic filing receipt by operation of the Court's electronic filing system and upon the attached service list by electronic mail, unless otherwise indicated, on this 17th day of January, 2014.

_____
/s/ Allen J. Guon

### Electronic Mail Notice List for Case 06-06525

- Howard L. Adelman   hla@ag-ltd.com
- David A Agay   dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com,lburrell@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com
- R Scott Alsterda   rsalsterda@uhlaw.com
- Janice A Alwin   janice@oakpointpartners.com, jake@oakpointpartners.com;david@oakpointpartners.com
- George P Apostolides   gpapostolides@arnstein.com, jbmedziak@arnstein.com
- Thomas V Askounis   taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Terence G Banich   tbanich@shawfishman.com, kbobb@shawfishman.com
- Kori M Bazanos   kbazanos@rolaw.net
- Ryan B. Bennett   rbennett@kirkland.com
- William D Brejcha   wdbrejcha@scopelitis.com, mweiland@scopelitis.com;ddevitt@scopelitis.com;rzivat@scopelitis.com;jdimitry@scopelitis.com;gostendorf@scopelitis.com;rhenry@scopelitis.com;asmedstad@scopelitis.com
- Andrew S. Conway   aconway@taubman.com, aconway@taubman.com
- David R Doyle   ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Dennis A Dressler   ddressler@dresslerpeters.com
- Heather M Durian   durianh@michigan.gov
- Wendy N. Epstein   wepstein@kirkland.com, fsramek@kirkland.com;sseeger@kirkland.com
- Adam S. Fayne   fayne@wildmanharrold.com
- Charles J. Filardi   charles@filardi-law.com, abothwell@filardi-law.com
- Robert M Fishman   rfishman@shawfishman.com, kjanecki@shawfishman.com
- Jason Frye   jfrye@ngelaw.com
- Vipin R Gandra   vipingandra@yahoo.com
- Jeffrey L. Gansberg   gansberg@live.com, nsulak@muchshelist.com
- Chad H. Gettleman   cgettleman@ag-ltd.com
- Brian M. Graham   bmgrahampack@sbcglobal.net
- Mark B Grzymala   mgrzymala@rolaw.net, grzymala@gmail.com
- Allen J Guon   aguon@shawfishman.com, cowens@shawfishman.com
- Timothy M Howe   tim@chicagolaw.biz

{5678 MOT A0364609.DOC 3}

- Steve Jakubowski    sjakubowski@rsplaw.com, docketing@rsplaw.com
- Synde B. Keywell    synde.keywell@bryancave.com, jthomas@nslaw.net
- Jeremy C Kleinman    jkleinman@fgllp.com, ccarpenter@fgllp.com
- Ean L Kryska    ean.kryska@abm.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Thomas J Leanse    thomas.leanse@kattenlaw.com,
  brian.huben@kattenlaw.com;carole.levine@kattenlaw.com
- Mark E Leipold    mleipold@gouldratner.com,
  srodriguez@gouldratner.com;lgray@gouldratner.com
- Micah Marcus    mmarcus@kirkland.com,
  kmaze@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com
- Edward S. Margolis    emargolis@tellerlevit.com
- Joy E Mason    jlevy@ebg-law.com
- Henry B. Merens    hbm@ag-ltd.com
- Robert D Nachman    robert.nachman@bfkn.com,
  jean.montgomery@bfkn.com;mark.mackowiak@bfkn.com
- David A. Newby    dnewby@comananderson.com, tmaurer@comananderson.com
- Michelle G Novick    mgnovick@arnstein.com, lcsolomon@arnstein.com
- Louis J Phillips    lphillips@pfs-law.com, msiedlecki@pfs-law.com
- Robert Radasevich    rradasevich@ngelaw.com, igarcia@ngelaw.com
- Mark L Radtke    mradtke@shawfishman.com, bharrington@shawfishman.com
- Sara G Rajan    srajan@starkreagan.com
- Elizabeth E Richert    erichert@colemanlawfirm.com, dmueller@colemanlawfirm.com
- Peter J Roberts    proberts@shawfishman.com
- Patrick F Ross    pfross@uhlaw.com, kburde@uhlaw.com;rjanczak@uhlaw.com
- Nathan Q. Rugg    nrugg@ag-ltd.com, lhope@ag-ltd.com
- Michael M Schmahl    mschmahl@mcguirewoods.com,
  docket@mcguirewoods.com;cgunderson@mcguirewoods.com
- Eileen M Sethna    esethna@chuhak.com, rsaldivar@chuhak.com
- John P Sieger    john.sieger@kattenlaw.com
- George J. Spathis    gspathis@hmblaw.com,
  lvalenti@hmblaw.com,kbates@hmblaw.com,bkatranis@hmblaw.com
- Miriam R. Stein    mstein@chuhak.com, kgord@chuhak.com
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov
- David A Strauss    dstrauss@kingkrebs.com
- Pia N Thompson    pthompson@gouldratner.com, bburns@gouldratner.com
- Michael Traison    traison@millercanfield.com,
  wysocki@millercanfield.com,swansonm@millercanfield.com
- Katherine D Vega    kvega@ngelaw.com
- Lindsay E Wilson Gowin    lwgowin@uhlaw.com, lmorris@uhlaw.com
- Andrew L. Wool    wool@chapman.com
- Peter J Young    pyoung@winston.com
- Daniel A Zazove    docketchi@perkinscoie.com

## Bachrach Clothing, Inc. Service List
## Master Service List & Committee Members
### (Service Via Electronic Mail, Unless Otherwise Indicated)

Office of the U.S. Trustee
219 S. Dearborn St., 8th Floor
Chicago, IL 60604
Phone:   (312) 886-7480
Fax:      (312) 886-5794
Steve.G.Wolfe@usdoj.gov

Larry Schechterman
1000 Urlin Ave., Apt. 606
Grandview Heights, OH 43212
lschech@mac.com

Gerald Woelcke
Sun Bachrach, LLC
5200 Town Center Circle, Suite 470
Boca Raton, FL 33486
Phone:   (561) 962-3490
Fax:      (561) 394-0540
gwoelcke@suncappart.com

Pat LeVardi
Craig Morrison
Bachrach Acquisition, LLC
One Bachrach Court
Decatur, IL 62526
plevardi@bachrach.com
cmorrison@bachrach.com

Donald Rothman *(Counsel to LaSalle Bank)*
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108
Phone:   (617) 880-3556
Fax:      (617) 880-3456
drothman@riemerlaw.com

James A. Stempel
Matthew M. Wawrzyn *(Sun Capital
Bachrach, LLC)*
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601
Phone:   (312) 861-2440
Fax:      (312) 861-2200
jstempel@kirkland.com
mwawrzyn@kirkland.com

James Cullen
Chris Tomas
Alex Smith
Alliance Management, Inc.
601 Carlson Pkwy., Ste. 110
Minneapolis, MN 55305
Phone:   (952) 475-2236
Fax:      (952) 475-2224
jcullen@alliancemgmt.com
ctomas@alliancemgmt.com
asmith@alliancemgmt.com

Edgar H. Bachrach
1555 Astor St., #15W
Chicago, IL 60610
Fax:      (484) 902-7311
edbachrach@aol.com

Lawrence C. Gottlieb *(Counsel to the
Official Committee of Unsecured Creditors)*
Cathy R. Hershcopf
Jeffrey L. Cohen
Law Offices of Cooley, Godward, Kronish
1114 Avenue of the Americas
New York, NY 10036
Phone:   (212) 479-6000
Fax:      (212) 479-6275
lgottlieb@cooley.com
chershcopf@cooley.com
jcohen@cooley.com

Ms. Alisa Rothstein (*Committee Member*)
57th & 5th
730 5th Ave. Suite 503
New York, NY 10019
Phone: (212) 842-9938
Fax:    (212) 765-1101
alisar@57-5.com

James J. Ammeen
Neil Goldberg (*Committee Members*)
73 Gould St., #75B
Bayonne, NJ  07002
Phone: (201) 858-2884
Fax:    (201) 858-0028
jamesa@neema.com
neilg@neema.com

Jan McBroom
Edward J. Upbin (*Committee Members*)
Kellwood Distribution Division
600 Kellwood Parkway, Suite 200
Chesterfield, MO  63017
Phone: (314) 576-8506
Fax:    (866) 530-4870
jan.mcbroom@kellwood.com
edward_upbin@kellwood.com
Mr. Nuno Guerreiro (*Committee Member*)
Maconde Confecçoes II e Comercial e
Industria, S.A.
Rua 5 de Outubro, 2148
4481-941 Vilo do Conde, PORTUGAL
EUROPE
nuno.guerreiro@maconde.pt

Gary L. Schacht (*Committee Member*)
Store Kraft
500 Irving St.
Beatrice, NE  68310
Phone: (402) 223-2348
Fax:    (402) 223-1268
Gary_Schacht@storekraft.com

Ronald M. Tucker (*Committee Member*)
Simon Property Group, L.P.
115 W. Washington St.
Indianapolis, IN  46204
Phone: (317) 263-2346
Fax:    (317) 263-7901
rtucker@simon.com

Samuel B. Garber (*Committee Member*)
Assistant General Counsel
General Growth Management, Inc., as Agent
110 N. Wacker Dr.
Chicago, IL  60606
Phone: (312) 960-5079
Fax:    (312) 960-6373
sam.garber@generalgrowth.com

Dennis B. Black
Keith A. Sigale
Goldberg Kohn Bell Black
   Rosenbloom & Moritz Ltd.
55 E. Monroe St., Suite 3700
Chicago, IL  60603
Phone: (312) 201-4000
Fax:    (312) 332-2196
dennis.black@goldbergkohn.com
keith.sigale@goldbergkohn.com

Edward C. Dolan
Hogan & Hartson L.L.P.
Columbia Square
555 Thirteenth St., NW
Washington, D.C.  20004-1109
Phone: (202) 637-5677
Fax:    (202) 637-5910
ecdolan@hhlaw.com

Jeffrey Kurtzman
Klehr, Harrison, Harvey,
   Branzburg & Ellers LLP
260 S. Broad St.
Philadelphia, PA  19102
Phone: (215) 569-4493
Fax:    (215) 568-6603
jkurtzma@klehr.com

Laura S. Huseby
Shari L. Friedman
Marwedel, Minichello & Reeb, P.C.
10 S. Riverside Plaza, Suite 720
Chicago, IL  60606
Phone: (312) 902-1600
Fax:    (312) 902-9900
lhuseby@mmr-law.com
sfriedman@mmr-law.com

David L. Pollack
Jeffrey Meyers
Dean Waldt
Ballard Spahr Andrews & Ingersoll, LLP
Mellon Bank Center, 51st Floor
1735 Market St.
Philadelphia, PA  19103
Phone: (215) 864-8325
Fax:    (215) 864-9473
pollack@ballardspahr.com
meyers@ballardspahr.com
waldtd@ballardspahr.com

James H. Billingsley
Hughes & Luce, LLP
1717 Main St., Suite 2800
Dallas, TX  75201
Phone: (214) 939-5500
Fax:    (214) 939-5849
james.billingsley@hughesluce.com

Fred B. Ringel
Robinson Brog Leinwand Greene Genovese
& Gluck P.C.
1345 Avenue of the Americas
New York, NY  10105
Phone: (212) 586-4050
fbr@robinsonbrog.com

Mark P. Naughton
Great American Group
Nine Parkway North, Suite 300
Deerfield, IL  60015
Phone: (847) 444-1400
Fax:    (847) 444-1401
mnaughton@greatamerican.com

Henry G. Swergold
Platzer, Swergold, Karlin, Levine, Goldberg
& Jaslow, LLP
1065 Avenue of the Americas
New York, NY  10018
Phone: (212) 593-3000
Fax:    (212) 593-0353
hswergold@platzerlaw.com

Nancy F. Loftus
Assistant County Attorney
Department of Tax Administration
Fairfax County, Virginia
Suite 549
12000 Government Center Parkway
Fairfax, VA  22035
Phone: (703) 324-2421
Fax:    (703) 324-2665
nancy.loftus@fairfaxcounty.gov

Gary L. Roddy
Senior Director of Collections
CBL & Associates Management, Inc.
CBL Center, Suite 500
2030 Hamilton Place Blvd.
Chattanooga, TN  37421-6000
Phone: (423) 855-0001
Fax:    (423) 490-8619
gary_roddy@cblproperties.com

Lori Winkelman
Quarles & Brady LLP
Renaissance One
2 N. Central Ave.
Phoenix, AZ  85004-2391
Phone: (602) 229-5200
Fax:    (602) 229-5690
lwinkelm@quarles.com

John L. Horan
Cline Williams Wright Johnson & Oldfather
1900 U.S. Bank Building
233 S. 13th St.
Lincoln, NE  68508
Phone: (402) 474-6900
Fax:    (402) 474-5393
jhoran@clinewilliams.com

Timothy Bortz
Bankruptcy Representative
Commonwealth of Pennsylvania
Department of Labor and Industry
Harrisburg Bankruptcy &
   Compliance Office
333 Market St., 16th Floor
Harrisburg, PA  17101-2235
Phone: (717) 772-0636
tbortz@state.pa.us

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX  75201
Phone: (214) 880-0089
Fax:    (214) 253-2558
dallas.bankruptcy@publicans.com

John P. Dillman
c/o Linebarger Goggan Blair &
   Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064
Phone: (713) 844-3478
Fax:    (713) 844-3503
Houston_bankruptcy@publicans.com

Gilbert B. Weisman
American Express Travel Related Services
Co. Inc.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA  19355-0701
notices@becket-lee.com

Christine Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Rd.
P.O. Box 13708
Macon, GA  31208-3708
Phone: (478) 405-4001
christine.etheridge@ikonfin.com

Dana L. Kurtz
Nicole A. Lindemyer
Kurtz Law Offices, LLC
414 S. State St.
Lockport, IL  60441
Phone: (815) 838-0968
Fax:    (312) 893-2239
dkurtz@kurtzlaw.us
nlindemyer@kurtzlaw.us

Neil Herskowitz
Riverside Claims
2109 Broadway, Ste. 206
New York, NY  10023
Phone: (212) 501-0990
Fax:    (212) 501-7088
neil@regencap.com

Tennessee Department of Revenue
c/o Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN  37202-0207
Phone: (615) 532-2504
Fax:    (615) 741-3334
icillinois@state.tn.us

Michael A. Cox
State of Michigan
Department of Treasury
P.O. Box 30754
Lansing, MI  48909
Phone: (517) 373-3203
MikeCox@michigan.gov

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 06-06525 |
| BACHRACH CLOTHING, INC., | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date:    February 11, 2014 |
| Debtor. | ) | Hearing Time:    10:00 a.m. |

**FINAL APPLICATION OF ALLIANCE MANAGEMENT, INC. AS FINANCIAL ADVISOR TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

Alliance Management, Inc. (collectively, "Alliance") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2002(a)(6), (i), 2016(a) and 9007 and Local Bankruptcy Rule 5082-1 for the allowance of $24,333.00 in compensation for 84.3 hours of professional services rendered as financial advisor to Bachrach Clothing, Inc. (the "Debtor"), for the period beginning August 1, 2011 through and including January 17, 2014 (the "Application Period"), and the reimbursement of $30.43 for actual costs incurred incident to those services, (ii) final approval of all compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis ("Final Application"); and (iii) payment of all finally allowed compensation and expense reimbursement.  In addition, Alliance requests that further notice of the hearing on this Final Application be waived.  In support of this Final Application, Alliance states as follows:

**BACKGROUND**

1.        On June 6, 2006 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.  The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.    On June 12, 2006, the Office of the United States Trustee ("UST") appointed an official committee of unsecured creditors ("Committee") in the Debtor's case.

3.    This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

## RETENTION OF ALLIANCE

4.    Shortly after the Petition Date, the Debtor applied to this Court for an order approving the retention of Alliance as the Debtor's financial advisor and management consultant in connection with this chapter 11 case. (Dkt. # 21). On June 20, 2006, the Court approved the retention of Alliance as counsel to the Debtor effective as of the Petition Date, under the terms set forth in the application and order (the "Employment Order"). (Dkt. # 61). The Employment Order authorized Alliance to receive compensation for its services on an hourly basis, plus a success fee (the "Success Fee") calculated as a percentage of the total consideration received upon a sale of the Debtor's assets. The Employment Order also entitled Alliance to indemnification for certain losses, claims, damages, liabilities or expenses arising from Alliance's work with the Debtor

5.    On July 6, 2006, the Court entered an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Compensation Order"). (Dkt. # 137).

## GENERAL STATUS OF THE CASE

6.    The Debtor is a privately held Illinois corporation with its corporate headquarters located in Chicago. Prior to the Petition Date, the Debtor was a high-end specialty men's clothing merchandiser with 47 retail stores located throughout the United States and a primary

cluster of stores located in the Midwest. In addition to its retail store operations, the Debtor also operated a catalog and internet business. In 2005, the Debtor generated total revenues of approximately $81 million.

7.       Prior to the Petition Date, the Debtor financed its operations through a revolving credit facility established pursuant to a loan and security agreement (as amended, the "LaSalle Prepetition Credit Agreement") with LaSalle Retail Finance, a Division of LaSalle Business Credit LLC ("LaSalle"). The Debtor pledged all or substantially all of its assets as security under the LaSalle Prepetition Credit Agreement. As of the Petition Date, the principal balance that the Debtor owed under the LaSalle Prepetition Credit Agreement was approximately $4,900,000, plus any amounts owed in connection with outstanding letters of credit issued by LaSalle for the Debtor's benefit.

8.       In addition to its LaSalle secured obligations, as of the Petition Date, the Debtor also owed approximately $5,000,000, plus interest, fees and costs, on a secured basis, to Sun Bachrach LLC ("Sun Bachrach").[1] Sun Bachrach is the assignee of Harris N.A. ("Harris") in connection with a certain loan authorization agreement between Harris and the Debtor dated as of July 12, 2005 (as amended, the "Harris Loan Agreement") and whereby Harris made a $2 million secured loan to the Debtor. On or about March 3, 2006, Sun Bachrach made an additional $3 million advance to the Debtor pursuant to the Harris Loan Agreement. The Debtor pledged all or substantially all of its assets as security under the Harris Loan Agreement. Sun Bachrach's secured claim is subject to a certain Subordination Agreement ("Intercreditor Agreement") among the Debtor, LaSalle (as Agent), Harris, and BCHC.

---

[1] Sun Bachrach is the 92.5% shareholder of Bachrach Clothing Holding Corp. ("BCHC"). BCHC is the 100% shareholder of the Debtor. In addition to Sun Bachrach's $5 million (in principal) secured claim against the Debtor, Sun Bachrach holds an additional unsecured claim against the Debtor in the principal amount of $1.5 million.

9.      Although the Debtor had explored other restructuring and financing alternatives, it ultimately decided to sell its assets through a bankruptcy. The Debtor retained Alliance as its management consultant and financial advisor to, among other things, assist in marketing the Debtor's assets and evaluate any and all purchase offers for those assets.

10.     After conducting an auction on June 29 and 30, 2006, the Debtor selected a joint venture comprised of Great American Group LLC ("Great American"), Hudson Capital Partners, LLC and Bachrach Acquisition, LLC ("BAC") as the successful bidder (the "Joint Venture") for the purchase of the Debtor's operating assets ("Assets").

11.     On July 10, 2006, the Court entered an order that authorized the Debtor to sell the Assets to the Joint Venture pursuant to the parties' Agency Agreement and Addendum (the "Sale Agreement"). The Debtor and the Joint Venture closed the sale of the Assets on July 14, 2006. The total consideration paid by the Joint Venture to the Debtor was $10,860,987, which represented a sale of 87.22% of the book cost of the Assets sold.

12.     The Debtor has continued to wind down its business operations pursuant to the terms of the Amended Final Agreed Stipulation and Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection entered by the Court on June 27, 2006 (the "Cash Collateral Order") pursuant to which the Debtor is authorized to use cash collateral subject to the terms of an approved budget. (Dkt. # 182).

13.     Since the sale, and with the assistance of its professionals, the Debtor has, among other things, (i) assumed and assigned various executory contracts and unexpired leases to BAC; (ii) rejected numerous executory contracts and unexpired nonresidential real property leases; (iii) terminated its remaining employees; (iv) terminated its employee benefit programs; (v) collected its accounts receivable; (vi) filed over 90 preference actions; (vii) pursued causes of

action against the Debtor's former owners; and (viii) addressed a multitude of other issues related to the wind down of its business operations.

14.    On January 9, 2013, the Debtor, the Committee and Sun Bachrach filed the *Joint Motion of the Debtor, Sun Bachrach, LLC and the Official Committee of Unsecured Creditors for Entry of an Order (1) Approving Further Use of Cash Collateral; (2) Dismissing the Debtor's Chapter 11 Case Pursuant to Sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code and (3) Granting Related Relief* ("Dismissal Motion"). In the Dismissal Motion, the movants seek the entry of an order that approves the further use of Sun Bachrach's cash collateral to pay outstanding administrative expenses (including the satisfaction of unpaid professional fee claims at an agreed-upon, reduced amount for certain professionals) and provides for the dismissal of the Debtor's chapter 11 case.

## SERVICES RENDERED BY ALLIANCE – GENERALLY

15.    Throughout the Application Period, Alliance rendered in excess of 84.3 hours of financial advisory and consulting services to the Debtor having an aggregate value of $24,333.00 for an average hourly rate of approximately $289. All of the services for which compensation is requested were services, which, in Alliance's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. Attached hereto for the Court's convenience as Exhibit 1 are detailed monthly statements of the services rendered by Alliance's professionals that contain a description of the particular services rendered, the amount of time spent on each task, and the billing rates of Alliance's professionals, as well as expenses incurred incident to those services.

16.    In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Alliance's services during the Application

Period, and in compliance with Local Bankruptcy Rule 5082-1, Alliance has classified its

services into two (2) separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Cash Management and Cash Flow Analysis | 74.1 | $21,331.00 |
| Preparation Assistance and Review of Legal Motions | 10.2 | $3,002.00 |
| **TOTAL** | **84.3** | **$24,333.00** |

17.     All of the services for which compensation is requested were rendered in

connection with the Debtor's chapter 11 case.  All of the time described in the attached monthly

statements represents the actual amount of time spent or, in certain instances, less than the actual

amount of time spent by Alliance's management consultants who rendered the described

services.  In certain instances, the time reflected in the exhibits has been reduced in an effort by

Alliance to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive

services.

## SERVICES RENDERED BY ALLIANCE – BY CATEGORY

18.     The following is a separate description of each of Alliance's principal categories

of activities, which generally describe the tasks performed.  Each of the exhibits provide:

(a) detailed descriptions of all services rendered in a particular category and (b) the timekeeper,

date, and amount of time expended in that category.

### Cash Management and Cash Flow Analysis

19.     Alliance expended 74.1 hours of professional services having a value of

$21,331.00 in connection with services pertaining to analysis of the Debtor's cash management

and cash flow.  Services rendered by Alliance in this category generally include, among other

things, the following: (a) developing and distributing the Debtor's recovery analysis to

stakeholders; (b) reconciling the Debtor's operating accounts; (c) managing distributions of cash;

(d) reconciling actual cash flow results versus the cash collateral budget; and (e) conducting

telephone and office conferences with stakeholders regarding the estate's actual and projected

cash flow.

### Preparation Assistance and Review of Legal Motions

20.    Alliance expended 10.2 hours of professional services having a value of

$3,002.00 in connection with services pertaining to the preparation and review of pleadings filed

in the Debtor's bankruptcy case.  Services rendered by Alliance in this category generally

include, among other things, the following: (a) reviewing and commenting on various motions

filed by the Debtor's bankruptcy counsel; and (b) developing and summarizing Alliance

Management interim fee and final applications.

### SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

21.    In summary, the total compensation sought with respect to the two (2) categories

of services set forth above is $24,333.00.  In addition, and in accordance with Local Rule 5082-

1(B)(1), the total compensation sought for each professional with respect to the aforementioned

categories is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Alex Smith | Consultant | $300.00 | 77.7 | $23,310.00 |
| Deb Cramer | Consultant Asst. | $155.00 | 6.6 | $1,023.00 |

22.    The hourly rates charged by Alliance with respect to the Debtor's case compare

favorably with the rates charged by other financial advisory firms in the Chicago metropolitan

area having consultants with similar experience and expertise as the Alliance professionals.

Further, the amount of time spent by Alliance with respect to the Debtor's case is reasonable

given the difficulty of the issues presented, the time contracts imposed by the circumstances, the amounts at stake and the ultimate benefit to the estate.

23.     The issues presented by the Debtor's case have been complex and the amounts at stake significant.  Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled financial and management consultants in other bankruptcy and non-bankruptcy matters, Alliance respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## THE EXPENSES REQUESTED

24.     The actual and necessary costs expended by Alliance during the Application Period are detailed in the monthly invoices.  The requested reimbursement amount for expenses incurred is $30.43.  All of the expenses for which reimbursement is sought are expenses that Alliance customarily recoups from all of its clients.

25.     The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Overnight delivery (Federal Express, UPS) | $30.43 |
| TOTAL: | $30.43 |

26.     Postage / Messenger Delivery / Overnight Delivery:  In order to keep overnight delivery carrier charges to a minimum, service of most pleadings was accomplished by regular

first class mail.  Where expedited delivery was necessary to ensure timely delivery of sensitive

information, Alliance utilized a reputable common carrier, such as Federal Express or UPS, or

local messenger service.

27.    All expenses incurred by Alliance were ordinary and necessary expenses.  All

expenses billed to the Debtor were billed in the same manner as Alliance bills non-bankruptcy

clients.  Further, the expenses for which reimbursement is sought constitute the types and

amounts previously allowed by bankruptcy judges in this and other districts.

## PAYMENTS RECEIVED BY ALLIANCE TO DATE

28.    Pursuant to the Compensation Order, Alliance submitted monthly invoices to the

Debtor, with copies to parties entitled to notice thereof, for interim compensation and expense

reimbursement, less a twenty percent (20%) holdback of fees.  To date, Alliance has received

$1,608.00 in payment of hourly fees and expenses during the Application Period.

| Statement for Period Ending: | Payments Actually Received | | |
|---|---|---|---|
| | 80% Advisory Fees | 100% Expenses | Subtotal |
| 8/31/11 | $1,608.00 | $0.00 | $1,608.00 |
| Total | $1,608.00 | $  0.00 | $1,608.00 |

29.    Alliance received no objection to the Monthly Statements for the period

beginning August 1, 2011 through and including September 30, 2013.

## PREVIOUSLY ALLOWED FEES AND EXPENSES

30.    Alliance has been allowed the following fees and expenses on an interim basis

(collectively, the "Interim Compensation Orders"):

(a)    On September 1, 2006, as provided for in the Order Approving

Application of Alliance Management, Inc. For Allowance and Payment of Success Fee

dated August 29, 2006, Alliance received payment from the Debtor in the amount of

$325,830.00 ("Success Fee"). The hourly compensation requested by Alliance in this Application is independent of the Success Fee previously authorized by this Court.

(b)     In addition, on or about December 21, 2006, the Court conducted a hearing on Alliance Management's first interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $458,416.00 and reimbursement of expenses in the amount of $25,127.39 (collectively, the "First Award"). The Debtor has already paid Alliance Management the full amount of the First Award.

(c)     In addition, on or about July 31, 2007, the Court conducted a hearing on Alliance Management's second interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $73,298.00 and reimbursement of expenses in the amount of $173.34 (collectively, the "Second Award"). The Debtor has already paid Alliance Management the full amount of the Second Award.

(d)     In addition, on or about December 20, 2007, the Court conducted a hearing on Alliance Management's third interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $17,608.50 and reimbursement of expenses in the amount of $201.15 (collectively, the "Third Award"). The Debtor has already paid Alliance Management the full amount of the Third Award.

(e)     In addition, on or about August 14, 2008, the Court conducted a hearing on Alliance Management's fourth interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $25,471.50 and

reimbursement of expenses in the amount of $541.52 (collectively, the "Fourth Award"). The Debtor has already paid Alliance Management the full amount of the Fourth Award.

(f)     In addition, on or about March 26, 2009, the Court conducted a hearing on Alliance Management's fifth interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $27,987.50 and reimbursement of expenses in the amount of $284.73 (collectively, the "Fifth Award"). The Debtor has already paid Alliance Management the full amount of the Fifth Award.

(g)     In addition, on or about April 15, 2010, the Court conducted a hearing on Alliance Management's sixth interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $42,766.00 (the "Sixth Award"). The Debtor has already paid Alliance Management the full amount of the Sixth Award.

(h)     In addition, on or about September 29, 2011, the Court conducted a hearing on Alliance Management's seventh interim fee application. Pursuant thereto, the Court entered an order allowing interim compensation in the amount of $39,424.50 and reimbursement of expenses in the amount of $2,193.02 (collectively, the "Seventh Award, and together with all other awards set forth in sub-paragraphs (a)-(g) the "Previously Allowed Fees and Expenses"). The Debtor has already paid Alliance Management the full amount of the Sixth Award.

31.     Prior to the Petition Date, the Debtor transferred $150,000.00 to Alliance (the "Prepetition Retainer") as a partial prepayment to render services in advance of and in connection with the Debtor's bankruptcy case. After application to services rendered and

expenses incurred prior to and after the Petition Date, $26,006.40 of the Prepetition Retainer remains available for the Debtor to apply against Alliance's postpetition fees and expenses (the "Remaining Retainer"). Alliance will apply the Remaining Retainer to the fees and expenses allowed by this application.

## COMPLIANCE WITH 11 U.S.C. § 504

32.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Alliance and any other firm, person or entity for the sharing of division of any compensation paid or payable to Alliance.

## NOTICE

33.     Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtor's secured lenders; (c) members of the Committee and its counsel; and (d) parties requesting notice in this case.  In light of the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, Alliance respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Fed. R. Bankr. P. 2002(i) and 9007.

WHEREFORE, Alliance requests the entry of an order, substantially in the form attached hereto, that:

(a)     Allows Alliance $24,333.00 in final compensation for services rendered during the Application Period of August 1, 2011 to January 17, 2014;

(b)     Allows Alliance $30.43 in final expense reimbursement for the Application Period of August 1, 2011 to January 17, 2014;

(c)     Approving on a final basis all Previously Allowed Fees and Expenses awarded by this Court on an interim basis;

(d)   Authorizes Alliance to apply the Remaining Retainer to all finally allowed compensation and expense reimbursement;

(e)   Authorizes and directs the Debtor to pay Alliance the unpaid balance of the fees and expenses awarded herein;

(f)   Waives other and further notice of the hearing with respect to this Application; and

(g)   Provides such additional relief as may be just and equitable under the circumstances.

Respectfully submitted,

Alliance Management, Inc.

Dated:  January 17, 2014

By: _____

For Alliance Management, Inc.

Alex Smith
Alliance Management, Inc.
Carlson Towers, Suite 110
601 Carlson Pkwy.
Minneapolis, MN  55305
Tel:  (952) 475-2225
E-Mail:  asmith@alliancemgmt.com